No. 54,182

ALLEN L. MOORE, and WESTERN HOME BUILDERS, INC., a Kansas
Corporation, *Appellees,* v. THE CITY OF LAWRENCE, KANSAS, A
Municipal Corporation; MARCI FRANCISCO, DONALD BINNS,
BARKLEY CLARK, THOMAS E. GLEASON, JR., and NANCY SHONTZ,
Commissioners of the City of Lawrence, *Appellants.*

(654 P.2d 445)

Opinion filed
December 3, 1982.

*Patrick E. Peery,* of Allen, Cooley & Allen, of Lawrence, argued the cause, and *Milton P. Allen,* of the same firm, was with him on the brief for the appellants.

*Edward G. Collister, Jr.,,* of Collister & Kampschroeder, of Lawrence, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal by the City of Lawrence and individual city commissioners (defendants-appellants) from a declaratory judgment entered against them and in favor of Allen L. Moore and Western Home Builders, Inc. (plaintiffs-appellees). The district court found that Section 21-203(d) and (f) and Section 21-302.1 of the City Code of the City of Lawrence were in conflict with K.S.A. 12-705b and were therefore invalid, and that dedications of streets, utility easements and other rights-of-way indicated on appellees' subdivision plat were automatically accepted by the public when the plat was approved by the City Planning Commisson and filed with the Douglas County Register of Deeds.

The facts are brief and undisputed. In the fall of 1980, plaintiffs submitted a proposed subdivision plat to the Lawrence-Douglas County Planning Commission for approval, as required by K.S.A. 12-705b. In addition to lot lines, the plat delineated proposed dedications of rights-of-way for streets, sidewalks and utility easements. The plat was found to be in conformity with the city's subdivision regulations and was approved by the planning commission on November 19, 1980.

The plat was then submitted to the city commission for acceptance of dedications of easements and public rights-of-way, as required by Sections 21-203 and 21-302.1 of the city ordinances. Consideration of the plat was deferred until March 10, 1981, at which time the commission voted not to accept the dedications of easements and rights-of-way until such time as a pending unrelated zoning issue could be resolved. The plaintiffs were notified of the commission's action by letter.

The proposed dedications were not subsequently considered by the commission. On September 11, 1981, the plat, endorsed by the chairman of the planning commission as required by K.S.A. 12-705b, was filed with the Douglas County Register of Deeds. At its meeting on September 29, 1981, the city commission reaffirmed that it had not accepted the dedications in plaintiffs' subdivision, and, concerned that prospective purchasers of the subdivision lots would be unaware of this, the commission

directed that a "Statement of Non-Acceptance" be filed with the register of deeds. This action for declaratory relief was filed, seeking a declaration that the dedication of rights-of-way and easements were automatically accepted by the city upon filing of the plat with the register of deeds.

At the time of the district court's decision, 12-705b provided:

"[An owner of land] shall cause a plat to be made which shall accurately describe the subdivision, lots, tracts or parcels of land giving the location and dimensions thereof or the location and dimensions of all streets, alleys, parks or other properties intended to be dedicated to public use or for the use of purchasers or owners of lots . . . . All such plats shall be submitted to the city planning commission . . . which shall determine if the same conforms to the provisions of the subdivision regulations. . . . If the plat conforms to the requirements of such regulations, there shall be endorsed thereon the fact that it has been submitted to and approved by the city planning commission or joint committee."

This statute was amended during the 1982 legislative session, which will be discussed in more length later in the opinion.

Section 21-203 of the city code provides that dedications of streets and other public easements must be accepted by the governing body of the city. That section reads in pertinent part:

"(d) A final plat that has been approved by the planning commission shall be submitted to the appropriate governing body for its acceptance of the dedication of streets and other public ways, service, and utility easements and any land dedicated for public use. . . . Failure of the governing body of the city or of the county to execute an acceptance of dedication shown on the plat shall be deemed to be a refusal of the proposed dedication.

. . . .

"(f) Approval of a final plat by the planning commission and acceptance of dedication of easements and rights-of-way by the appropriate governing body shall be effective for no more than one (1) year unless all conditions of approval have been completed."

The ordinances further require that a final plat show an "[a]cceptance of dedication by the appropriate governing body." Section 21-302.1(i).

The district court found that Sections 21-203 and 21-302.1 of the Lawrence City Code, insofar as they pertain to acceptance of dedications, were in conflict with K.S.A. 12-705b, and were thus invalid as they were not charter ordinances under the home rule provisions of the Kansas Constitution, Art. 12, § 5. The district court stated:

"The addition to the City Ordinance of approval by the City Commission means

in effect that the City Commission can overrule what the Planning Commission did, and I have trouble finding that amounts to enlargement. It seems to me it gives somebody else the final say in the case. The Planning Commission said 'yes' and the City Commission said 'no'. The result is that a plat otherwise having been approved is not approved, and I suspect that does in fact demonstrate that the City Ordinance is in conflict with the state statute."

In *Claflin v. Walsh,* 212 Kan. 1, 7, 509 P.2d 1130 (1973), the rules pertaining to home rule authority were discussed. Under the provisions of Art. 12, § 5, of the Kansas Constitution, the home rule power of cities is favored and should be upheld unless there is a sound reason to deny it. Home rule power is subject to control by the legislature through legislative enactments which apply uniformly to all cities. Kansas Constitution, Art. 12, § 5(b). Where a statute is uniformly applicable to all cities subsection (c)(1) of Art. 12, § 5 prohibits a city from electing, by way of charter ordinance, that the statute will not apply to it. For further discussion of the "uniform applicability" standard see Martin, *Home Rule for Kansas Cities,* 10 Kan. L. Rev. 501, 506-09 (1962). In *Claflin* the court stated that in determining whether a legislative enactment is applicable uniformly to all cities, such legislative intent should be clearly evident before a city's right to exercise home rule power in that area is denied. 212 Kan. at 7.

The provisions of K.S.A. 12-701 *et seq.,* pertain to city planning and subdivision regulations. The application of these statutes to any city is optional, in that 12-701 provides that *any* city *may* create a planning commission, while the remainder of the statutes govern the powers and duties of the planning commission and the method for adoption of subdivision regulations and approval of subdivision plats where a city has created a planning commission. For example, the planning commission is authorized to make a comprehensive plan for the development of the city (K.S.A. 12-704), and where a comprehensive plan has been adopted the commission may adopt regulations governing the subdivision of land. *To become effective these regulations must first be approved by the governing body of the city.* (K.S.A. 12-705.) K.S.A. 12-705b dictates the procedure to be used for approval of plats where a city has established a planning commission and adopted subdivision regulations.

It is clear that initially these statutes are not uniformly applicable to all cities as they provide an optional procedure which may be adopted by any city as a means of governing matters

pertaining to city planning and subdivision regulations. However, after careful examination of these provisions we are convinced the legislature intended these statutes to be uniformly applicable to those cities which elected to adopt the planning commission procedure provided by 12-701 *et seq.* While the application of the statutes may be optional, it is clear that once a city chooses to adopt this method the legislature intended for those statutes controlling the planning commission procedure to be binding. These statutes are lengthy and detailed, explicitly delineating the respective powers and duties of the planning commission and governing body of the city. A comprehensive scheme for the adoption of subdivision regulations and approval of subdivision plats is further provided. If each city which elected to create a planning commission under the provisions of 12-701 *et seq.,* were allowed, by way of charter ordinance, to determine which of the provisions were not applicable to that city, the purpose and effect of the statute, to provide a comprehensive method for the governance of city planning and subdivision regulation, would be seriously impaired. We do not think such a result was intended by the legislature and therefore hold these statutes are uniformly applicable to all cities which elect to follow the procedure set forth therein.

The city ordinances in question here are not charter ordinances, and thus did not exempt the city from the provisions of 12-705b. A city ordinance should be permitted to stand unless an actual conflict exists between the ordinance and a statute, or unless the legislature has clearly preempted the field so as to preclude municipal action. See *Claflin v. Walsh,* 212 Kan. at 7; *City of Junction City v. Lee,* 216 Kan. 495, 501, 532 P.2d 1292 (1975). The test to determine whether a conflict exists was expressed in *Leavenworth Club Owners Assn. v. Atchison,* 208 Kan. 318, Syl. ¶¶ 2, 3, 492 P.2d 183 (1971):

"Generally a municipal regulation which is merely additional to that imposed by state law cannot be said to create a conflict therewith.

"Where a municipal ordinance merely enlarges on the provisions of a statute by requiring more than is required by the statute, there is no conflict between the two unless the legislature has limited the requirements for all cases to its own prescription."

In *City of Beloit v. Lamborn,* 182 Kan. 288, 292, 321 P.2d 177 (1958), the court stated that whether the legislature intends to regulate an entire area must be clearly manifested by the statute

before it can be held that cities do not have power to regulate in a particular area.

The appellants maintain that sections 21-203 and 21-302.1 of the City Code of Lawrence do not conflict with the provisions of K.S.A. 12-705b, but merely provide for an additional procedure that is not required by 12-705b, and therefore constitute a valid exercise of home rule power. The appellants vigorously argue that a governing body's right to accept or reject responsibility for proposed dedications is separate and distinct from approval and filing of plats. To appreciate this argument one must understand the distinction between approval of plats and the acceptance of dedications of land for public use contained in plats. K.S.A. 12-705 provides that a city planning commission may adopt regulations governing the subdivision of land. Where the planning commission finds that a proposed plat conforms to the subdivision regulations, the plat must be approved. Upon approval the plat can be filed with the register of deeds. The city governing body has no role in the approval or disapproval of plats for conformance with the regulations.

A dedication, on the other hand, is defined as an offer by the owner to devote property to public use, manifesting an intention that it shall be accepted and used presently or in the future. The intention by the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedication. See 11 McQuillin, Municipal Corporations § 33.02 (3rd rev. ed. 1977); *City of Kingman v. Wagner,* 168 Kan. 558, 562, 213 P.2d 979 (1950); 23 Am. Jur. 2d, Dedication § 1.

The appellants contend that once a plat is approved by the planning commission and filed with the register of deeds pursuant to 12-705b, it becomes a valid and effective plat, controlling lot lines and sizes; location, width and grade of streets, alleys and utility easements; the legal description of the development; the location and size of parks and open spaces, and many other characteristics of the subdivision. However, they maintain that by requiring the plat to be submitted to the governing body for acceptance of dedications permits the city to make a decision that it is prepared to assume legal and financial responsibility for lands indicated on the plats as dedicated for public use. Although the dedications may not be formally accepted by the city, property owners within the subdivision are bound by the proposed

dedications contained in the plat. The appellants maintain that a property owner cannot, by merely submitting a plat which complies with subdivision regulations, impose upon the city responsibility for improvement and maintenance of streets, parks and other public properties designated in the plat, nor make the city liable for injuries resulting from disrepair and defects in those properties.

In support of this position the appellants cite cases from other jurisdictions which have held that while approval of a plat is evidence the plat complies with statutes and city regulations, a separate acceptance of dedications contained in the plat by the city governing body is necessary before legal and financial responsibility for maintenance and improvement of those areas can be imposed on the city. See cases cited in Annot., Validity and Construction of Regulations as to Subdivision Maps or Plats, 11 A.L.R.2d 524, §§ 9-11. As summarized by one commentator:

> "It is elementary that . . . an acceptance of a proffered dedication is necessary, either by public user or formal act, because for obvious reasons a municipality is not bound to accept land dedicated for a street, alley or other public use. . . .
>
> ". . . In some states, where the statute provides that upon making and filing a plat the title to the land shall vest immediately in the public for the uses specified, it is held that no acceptance is necessary, although the contrary is held in other states. The rule supported by the better reason, however, would seem to be that even in the case of a statutory dedication an acceptance should be necessary in order to make the municipality liable to maintain the streets or alleys and for injuries resulting from defects therein." 11 McQuillin, Municipal Corporations §§ 33.43, 33.44.

See also 23 Am. Jur. 2d, Dedication § 43. There is an exception, however, where a statute specifically provides for the manner in which dedications are accepted. Absent such statutory provision, the act of acceptance is a discretionary municipal function. See 11 McQuillin, Municipal Corporations §§ 33.42, 33.44; 23 Am. Jur. 2d, Dedication § 44.

It is true 12-705b does not expressly provide that when a proposed plat is found to comply with subdivision regulations and is approved by the planning commission the dedications contained in the plat are *de facto* accepted by the city. The statute does provide, however, that upon approval by the planning commission, the plat can be filed with the register of deeds and be recorded. Several cases in Kansas hold that the *filing and recording* of a plat vests title to property designated for public use

in the county in which the city is located, and no formal acceptance by the city is necessary to complete the dedication. See *City of Kechi v. Decker,* 230 Kan. 315, 318-19, 634 P.2d 1099 (1981); *City of Council Grove v. Ossmann,* 219 Kan. 120, 127, 546 P.2d 1399 (1976); *City of Russell v. Russell County B. & L. Assn.,* 154 Kan. 154, 160, 118 P.2d 121 (1941); *Gadarl v. City of Humboldt,* 87 Kan. 41, 42, 123 Pac. 764 (1912).

It is presumed the legislature acted with full knowledge and information as to judicial decisions with respect to prior law. *Rogers v. Shanahan,* 221 Kan. 221, 225, 565 P.2d 1384 (1976); *McGraw v. Premium Finance Co. of Missouri,* 7 Kan. App. 2d 32, 35, 637 P.2d 472 (1981), *rev. denied* 231 Kan. 801 (1982). It logically follows that at the .time of the trial court's decision 12-705b did not distinguish between acceptance of dedications and approval of plats, so that a subdivision plat filed with the register of deeds which has been approved by the planning commission constituted an acceptance by the city of dedicated lands and precluded the city from passing an ordinance requiring a separate acceptance of dedications. The legislative history of K.S.A. 12-705b and amendments thereto enacted during the 1982 legislative session further support this conclusion.

The statute which preceded 12-705b, G.S. 1949, 12-705, provided that any plat, replat, dedication or deed of street or public way was to be approved by the city planning commission and governing body before it could be filed with the register of deeds. This statute was replaced by K.S.A. 1965 Supp. 12-705b, which provided that plats were to be submitted to the planning commission to determine whether they were in conformity with subdivision regulations enacted under the provisions of K.S.A. 12-705. Upon approval by the planning commission these plats could be filed with the register of deeds. No provision was made for approval of the plat by the governing body. K.S.A. 12-705b now provides, as amended by S.B. 775, L. 1982, ch. 67, effective April 15, 1982, that after a finding by the planning commission that the proposed plat conforms to subdivision regulations:

"The governing body shall approve or disapprove the dedication of land for public purposes within 30 days after the first meeting of the governing body following the date of the submission of the plat to the clerk thereof. . . . The register of deeds shall not file any plat until such plat shall bear the endorsement hereinbefore provided and the land dedicated to public purposes has been approved by the governing body."

It is clear in 1965 the legislature specifically removed a governing body's authority to accept or reject land dedicated for public use. This authority was restored by the 1982 amendment. Therefore, from 1965 to April 15, 1982, a city had no authority to pass an ordinance requiring dedications contained in plats, which had been approved by the planning commission, to be submitted to the governing body for acceptance of dedications. The historical background and changes made in a statute are to be considered by the court in determining the legislative intent, and any changes and additions made in existing legislation raise a presumption that a change in meaning and effect was intended. *Shapiro v. Kansas Public Employees Retirement System,* 211 Kan. 452, Syl. ¶ 2, 507 P.2d 281 (1973).

Although K.S.A. 12-705b did not provide for approval of a proposed plat by the governing body prior to filing, it is important to note the legislature did provide for the governing body to retain control over the plat approval procedure. Under 12-705b the planning commission merely performs a ministerial function in the approval of plats. If a plat conforms to existing subdivision regulations the plat must be approved. The planning commission is given no discretionary authority under this procedure. K.S.A. 12-705 provides that *subdivision regulations must be approved by the governing body of the city to become effective.* The regulations can cover a broad range of requirements for approval of subdivision plats. The statute itself specifies many areas which regulations may address, including:

"[T]he proper location and width of streets, and for building lines, open spaces, safety and recreational facilities . . . the reservation or dedication of land for open space for either public recreational use or for the future use of the residents of the residential subdivisions in order to insure the proper balance of use, design or urban areas and avoid the overcrowding of land . . . . Such regulations may also as a condition to the approval of any plat require and fix the extent to which and the manner in which streets shall be improved and water, sewer, drainage and other utility mains and piping or connections or other physical improvements shall be installed."

Under G.S. 1949, 12-705 the planning commission had sole authority to adopt regulations governing the subdivision of land, and, contrary to the present statute, it minimally described what could be provided for in the regulations. It seems clear the legislature believed the planning commission procedure provided in K.S.A. 12-701 *et seq.,* would function more effectively if

the governing body's discretionary decision-making authority was removed from the approval stage of the subdivision planning process and instead focused this authority at the initial stage where the subdivision regulations were enacted.

The legislative history of the 1982 amendment leaves no doubt that it was enacted in response to the trial court's ruling in this case. It was recognized in committee that several cities in Kansas have ordinances similar to those involved here requiring the governing body to accept dedications contained in proposed plats. See Minutes, House Local Government Committee, March 25, 1982, Attachment II. During oral arguments to this court the appellants suggested that the 1982 amendments did not imply that prior to the amendment the city could not require a separate acceptance of dedications, but merely corrected an oversight in the statute. In light of the numerous changes in the respective powers and duties of the planning commission and governing body made by the legislature when the statute was revised in 1965 we cannot agree. It is presumed the legislature intends to change the law when it amends the provisions of a statute. *Safeway Stores, Inc. v. Director of Revenue,* 211 Kan. 594, 595, 506 P.2d 1124 (1973).

The appellant further argues that in light of the circumstances under which 12-705b was amended, the statute should be construed to apply retroactively. The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates the legislature intended that it operate retrospectively. *Davis v. Hughes,* 229 Kan. 91, Syl. ¶ 6, 622 P.2d 641 (1981). We glean no such legislative intent from the language used in the amendment to K.S.A. 12-705b.

In addition to our analysis of the legislative history of K.S.A. 12-705b, two opinions issued by the Attorney General's office of this state, though not binding on this court, are persuasive. These opinions conclude that while the city governing body is entitled to approve any subdivision regulations adopted by the planning commission, it simply has no role whatever in the approval or disapproval of plats. Further, the procedure set forth in 12-705b appeared to be the sole and exclusive procedure for the approval of a plat of land subject to regulations of the planning commission. See Att'y Gen. Op. Nos. 74-291 and 76-364.

We conclude that Sections 21-203 and 21-302.1 of the City

Code of the City of Lawrence were in conflict with K.S.A. 12-705b, as it existed when the trial court made its decision, and were therefore invalid.

We note that a city is not without some protection concerning streets and other public rights-of-way. When a road is to be opened, or put in condition for use by the public, is within the discretion of the city's governing body. See *Hill v. City of Lawrence,* 2 Kan. App. 2d 457, 458, 582 P.2d 1155, *rev. denied* 225 Kan. 844 (1978), and cases cited therein; 39 Am. Jur. 2d, Highways, Streets, and Bridges § 68. A city is not required to open all streets which have been formally laid out or dedicated. As stated in *Gardarl v. City of Humboldt,* 87 Kan. at 43:

"A street may not be available for use by the public when the plat is filed. Nevertheless the city, as the public agent having control of streets, may wait until its resources will permit, or until the public need demands, before it undertakes to open the way or to improve it so that it will be fit for travel; and meanwhile all persons in possession hold subject to the paramount right of the public."

The judgment of the lower court is affirmed.