William F. Caton Kansas Development Finance Authority 700 S.W. Jackson, Ste. 1000 Topeka, Kansas 66603
Dear Mr. Caton:
You have requested our opinion regarding what personal liability limitations are available for the directors, officers and employees of the Kansas finance development authority.
First you ask what effect the 1994 amendments of chapter 223, sec. 2, will have upon the liability of the officers and directors of the authority. In 1994, K.S.A. 74-8910 was amended to read as follows:
 "No director, employee or officer of the authority shall be liable personally for any reason arising from the service of such person as a director, employee or officer of the authority or any subsidiary corporations created pursuant to this act unless such person acted with willful, wanton or fraudulent misconduct or intentionally tortuous conduct."
It is clear that the intent of the legislature is for the Kansas development finance authority's directors, officers and employees to be protected from personal liability. However, the statute is not clear as to how far this coverage extends.
When the meaning of a statute is not clear, the legislative history should be reviewed. Koch v. Shell Oil Co., 820 F. Supp. 1336 (D.Kan. 1993). The extent of each of the authority's directors', officers' and employees' coverage can be derived from the recent changes made to the statute. Any changes and additions to existing statutes raise a presumption that a change in meaning and effect was intended. Moore v.City of Lawrence, 232 Kan. 353(1982). In this case, the statute was broadened in two ways.
First, the statute was expanded to include more individuals under its protection. Originally, the statute only protected "directors or officers." K.S.A. 74-8910 (Furse 1992). "Employees" were included by the 1994 legislature. L. 1994, ch 223, sec. 2.
Secondly, the statute expanded the areas over which it protected the individuals listed above. Pursuant to the amendment, the above individuals are now protected from personal liability arising from "service of such" individual as a "director, employee or officer of the authority or any subsidiary corporations created pursuant to this act. . . ." Id. Originally the statute only protected directors and officers from personal liability in the "issuance of bonds." K.S.A. 74-8910
(Furse 1992).
In addition to the inference drawn from these changes on their face, the legislature's intent can be derived from looking at the purpose for the changes. To determine legislative intent, it is proper to review the circumstances attending the passage of the statute and the purpose intended to be accomplished. West v. Collins, 251 Kan. 657 (1992). When this amendment was introduced, the purpose was "to give increased protection for KDFA's board and staff from potential liability created by this legislation." Minutes, Senate Committee on Financial Institutions and Insurance, March 17, 1994.
After reviewing the legislative history and giving the statutory language its plain and ordinary meaning, we opine that this statute has been expanded to protect directors, officers and employees of the authority from personal liability for conduct arising from their service as such. However, the statute does not protect conduct which is willful, fraudulent or intentionally tortuous.
Your second question is whether or not the directors of the authority are covered under the tort claims act. K.S.A. 75-6103 imposes liability on governmental entities for negligent and wrongful acts of employees of those entities when they are acting within the scope of their employment. The definitions of "governmental entity" and "employee" are set forth in K.S.A. 1993 Supp. 75-6102, as amended by L. 1994, ch. 343, sec. 1:
 "As used in K.S.A. 75-6101 through 75-6118, and amendments thereto, unless the context clearly requires otherwise:
 "(a) `State' means the state of Kansas and any department or branch of state government, or any agency, authority, institution or other instrumentality thereof.
. . . .
"(c) `governmental entity' means state or municipality.
 "(d) `Employee means any officer, employee, servant or member of a board, commission, . . . . of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation. . . ." Id.
This definition of employee is expansive enough to include the directors of the authority, if the authority is considered to be a governmental entity.
This office has previously opined that members of the boards of directors of the Kansas healthy kids corporation (KHKC), the corporation for change, the technical enterprise corporation (KTEC) and the information network of Kansas (INK) are covered by the tort claims act. Attorney General Opinions No. 86-155, 92-104, 93-62. In determining that the KHKC and corporation for change directors were covered by the tort claims act, we noted that the statutes creating those entities were virtually identical to those statutes creating the KTEC and the INK. Attorney General Opinion No. 93-62. The statute creating the KHKC provided that:
 "(a) There is hereby created a body politic and corporate to be known as the Kansas healthy kids corporation. The Kansas healthy kids corporation is hereby constituted a public instrumentality and the exercises of the authority and powers conferred by this act shall be deemed and held to be the performance of an essential governmental function." K.S.A. 1993 Supp. 40-4403, repealed L. 1994, ch. 32, sec. 2. (Emphasis added).
The statute creating the Kansas development finance authority provides that:
 "There is hereby created, with such duties and powers as are hereinafter set forth to carry out the provisions of this act, a public body politic and corporate, with corporate succession, to be an independent instrumentality of this state exercising essential public functions, and to be known as the Kansas development finance authority." K.S.A. 74-8903.
Though the wording of these statutes is not identical, the language of both are similar. Both the KHKC and the authority are bodies politic and corporate. Id. However, there are several significant differences between the statutes.
First, the KHKC was "held to be an essential governmental function," whereas the authority is "exercising essential public functions." Id. Secondly, the KHKC is a "public instrumentality," whereas the authority is an "independent instrumentality." Id. These differences in wording indicate that the legislature intended the authority to be a different type of body than the KHKC.
Another factor which weighed heavily when the KHKC and the corporation for change were found to fall under the tort claims act was the provisions of K.S.A. 1992 Supp. 40-4405, repealed L. 1994, ch. 32, sec. 2. Attorney General Opinion No. 93-62. That statute provided in part:
 "(a) All employees of Kansas healthy kids corporation shall be considered to be state employees and Kansas health kids corporation shall be considered to be a state agency for purposes of the laws governing payroll accounting. . . . K.S.A. 40-4405 (Furse 1992). (Emphasis added).
In Attorney General Opinion No. 93-62, we noted that similar language was inserted in statutes covering "employees of the corporation for change . . . Kansas, Inc. and KTEC . . . and those covering INK. . . ."Id. We went on to state that "if these entities, and therefore the employees of the entities while acting within the scope of their employment, are deemed to be performing essential governmental functions, they are entitled to protection under the tort claims act."Id. Similar language does not appear in the statute regarding the Kansas development finance authority.
Additionally, there is strong evidence in the legislative history indicating the authority was not to be considered a state agency. Again, in determining legislative intent it is proper to look at the historical background, circumstances attending the passage of the act and the purpose that was to be accomplished. West v. Collins, supra. When the legislature was contemplating the creation of the authority, Senator Winter, the chairman of the senate committee on economic development, stated "the Authority is envisioned, in SB 73, to be outside of state government. It would not be a state agency but would be a separate body, created by the state with independent authority and powers." Minutes, Senate Committee on Economic Development, March 5, 1987.
Based upon the comparison between the statutes and the legislative history of the statutes creating the authority, we opine that the Kansas development finance authority is not a "governmental entity" under the tort claims act, and therefore its directors, officers and employees are not covered by that act. However, the directors, employees and officers are protected from personal liability for actions which are performed in the service of the authority under K.S.A. 74-8910, as amended by L. 1994, ch. 223, sec. 2.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Lawrence J. Logback Assistant Attorney General
RTS:JLM:LJL:bas