Richard C. Dearth Parsons City Attorney City Hall, P.O. Box 1037 112 S. 17th Street Parsons, Kansas 67357-1037
Dear Mr. Dearth:
You request our opinion regarding the licensure of plumbers, electricians, and mechanical contractors by cities. Specifically, you inquire whether a city may require a period of apprenticeship before a journeyman or master's license is granted to an applicant who has passed the prescribed statutory examination.
K.S.A. 1998 Supp. 12-1508 provides in part:
 "Standard examinations for the determination of competency of plumbing contractors and master and journeyman plumbers . . . from Block and Associates . . . are hereby designated as the standard examinations for determining the qualifications of persons seeking licensure as plumbing contractors and master and journeyman plumbers for the purposes of this act."
The statutes designating the standard examinations for electricians and mechanical contractors are almost identical to K.S.A. 1998 Supp. 12-1508.[1]
K.S.A. 12-1509, 12-1526, and 12-1542 address licensure reciprocity for plumbers, electricians and mechanical contractors who pass the statutory Block examinations and seek a license in another city. All three statutes are similar in their requirements and, therefore, we review only K.S.A. 12-1509 which addresses reciprocity for plumbers:
 "(a) Any . . . city requiring the licensure of plumbers practicing within the . . . city may conduct examinations designated by K.S.A. 12-1508 [the Block examination] . . . for the purpose of determining the competency of applicants for such licensure and shall not be allowed to ask further questions not designated on such examination. The . . . governing body of such city . . . shall adopt rules and regulations: (1) Governing the conduct and grading of such examinations; (2) prescribing a minimum score of 75% for passage of examinations; and (3) fixing a uniform fee to be charged all applicants taking each such examination.
 "(b) The certificate of competency received by any person who successfully passes [the Block] examination . . . shall be valid proof of competency for licensure, without additional examination, in any . . . city . . . which requires licensure of plumbers practicing . . . within such . . . city. The . . . city shall issue the appropriate license to any applicant therefor who presents such a certificate of competency.
 "(c) All licenses issued by a . . . city upon the basis of successful passage of [a Block examination] . . . shall bear a distinctive notation of such fact. All such licenses shall be valid in any other . . . city which requires examination and licensure of plumbers for practice in such . . . city."
(Emphasis added.)
The City of Parsons is considering enacting an ordinance requiring plumbing, electrician and mechanical contractor license applicants who have a certificate of competency as a result of passing the Block examination to fulfill an apprenticeship in the field for which they are applying before being granted a journeyman's license, and an additional period of apprenticeship before being granted a master's license.
The issue is whether the City may use its home rule power to create an additional licensure requirement. Clearly, K.S.A.12-1509, 12-1526 and 12-1542 are uniformly applicable to all cities and, therefore, the City may not charter out of those statutes to create an apprenticeship requirement.[2]
In applying home rule principles to an ordinary ordinance, such ordinance is permissible unless an actual conflict exists between the ordinance and a statute or unless the Legislature has clearly preempted the field so as to preclude municipal action.[3]
Conflict occurs when an ordinance prohibits what state law allows or state law prohibits what an ordinance permits.[4]
The legislative history of these statutes reveals a need for licensing reciprocity in order to avoid the problem of a tradesman licensed in one city being unable to ply his or her trade in another city because of differing license requirements.[5] As a result of this concern, the Legislature authorized cities to administer a nationally recognized examination which, if passed, would provide proof of competency in any city that required its plumbers, electricians, and mechanical contractors to be licensed. A city also had the option of creating its own examination for those individuals who wanted to practice only within the city unless an agreement with another city allowed reciprocity.[6]
If a city were allowed to impose an additional license requirement such as a period of apprenticeship, it is our opinion that this would conflict with the statutory scheme of requiring reciprocity upon passing the Block examination and return to the days when a tradesman had to comply with the licensing requirements of each and every city in which he or she wanted to work.
Our conclusion is supported by Moore v. City of Lawrence[7]
and Board of County Comm'rs of Trego County v. Division ofProperty Valuation.[8] In Moore, the Court reviewed the zoning statutes to determine if ordinances requiring that dedications be accepted by a city governing body conflicted with the uniform statutory scheme which included a provision authorizing a city planning commission to approve plats that included dedications. The City of Lawrence argued that the ordinance did not conflict but merely provided for an additional procedure not required by statute.
After reviewing the legislative history of the applicable zoning statutes, the Court affirmed the trial court's decision to strike the ordinances because the latter conflicted with a uniform state law. The Court concluded that the Legislature had removed a governing body's authority to accept or reject dedications in 1965, which authority was not restored until after the trial court's decision in Moore.
In Trego County, the Board of County Commissioners attempted to place an additional requirement of state licensure on its county appraiser which the Court concluded conflicted with state law establishing the qualifications for the position of county appraiser. The Board argued unsuccessfully that it was merely attempting to supplement the statute:
 "The Board's resolution imposes a condition upon the reappointment of Overton [the county appraiser] in addition to what the statute expressly requires. The resolution directly conflicts with a state statute which is uniformly applicable to all counties. Since K.S.A. 19-430, which sets the qualifications for Overton to be reappointed . . . regardless of whether he is state certified . . ., is uniformly applicable to all counties in Kansas, the Board is prohibited from passing a home rule resolution conflicting with the statute."[9]
K.S.A. 1998 Supp. 12-1508, 12-1525 and 12-1541 designate the Block examination as the "standard examination for the determination of competency" of master and journeyman plumbers, electricians, and mechanical contractors. A person who passes the Block examination receives a "certificate of competency" which is "valid proof of competency for licensure" in any city which requires licensure of those tradesmen who practice within the city. K.S.A. 12-1509,12-1526, and 12-1542 require such cities to "issue the appropriate license to any applicant . . . who presents such a certificate of competency." Clearly, the Legislature intended that cities impose no additional requirements for licensure other than those stated in the statutes.
Therefore, it is our opinion that an ordinance that requires a period of apprenticeship as a condition of licensure as a journeyman or master plumber, electrician or a mechanical contractor in addition to passage of the Block examination conflicts with K.S.A. 12-1509, 12-1526, and 12-1542 and is, therefore, impermissible.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 1998 Supp. 12-1525; 12-1541.
[2] Blevins v. Hiebert, 247 Kan. 1 (1990); Moore v. City ofLawrence, 232 Kan. 353 (1982).
[3] McCarthy v. City of Leawood, 257 Kan. 566 (1995); Cityof Wichita v. Basgall, 256 Kan. 631 (1995); Moore v. City ofLawrence, 232 Kan. 353 (1982).
[4] Board of County Comm'rs of Trego County v. Division ofProperty Valuation, 261 Kan. 927 (1997).
[5] Minutes, Senate Committee on Governmental Organizations, March 21, 1989 and Attachment 4; Minutes, Senate Committee on Governmental Organizations, January 27 and 28, 1986 and Attachments A and B.
[6] K.S.A. 12-1510; 12-1527; 12-1543.
[7] 232 Kan. 353 (1982).
[8] 261 Kan. 927 (1997).
[9] Id. at 935.