(21 P.3d 598)
No. 85,130

RODROCK ENTERPRISES, L.P., *Appellant,* v. CITY OF OLATHE, KANSAS, A Municipal Corporation, and OLATHE PLANNING COMMISSION, A Municipal Agency, *Appellees.*

Opinion filed April 13, 2001.

*Lewis A. Heaven, Jr.,* and *Henry F. Sonday, Jr.,* of Holbrook, Heaven & Osborn, P.A., of Kansas City, for appellant.

*Michael K. Seck,* of Fisher, Patterson, Sayler & Smith, L.L.P., of Overland Park, and *Leonard Hall,* assistant municipal counselor, City of Olathe, for appellees.

Before MARQUARDT, P.J., ELLIOTT, J., and PADDOCK, S.J.

MARQUARDT, J.: Rodrock Enterprises, L.P. (Rodrock) appeals the trial court's grant of summary judgment in favor of the City of Olathe (City) and the Olathe City Planning Commission. We affirm.

By ordinance dated July 21, 1998, the City incorporated the Woodland Road Corridor Plan (WRCP) into its comprehensive plan and adopted the Residential Neighborhood Design Manual (design manual) as a policy guideline. In February 1999, Rodrock purchased a tract of land, approximately 35.56 acres, located within the WRCP area. Rodrock submitted a preliminary plat for 140 lots or 3.94 dwelling units per acre. Although the plat did not conform to the WRCP or the design manual, the City's planning staff opined that the density was within the Unified Development Ordinance (UDO) limitations and recommended approval of the plat with conditions. On April 12, 1999, the planning commission voted 4-1 to deny approval of the plat because it did not conform to the WRCP or the goals of the design manual.

Rodrock filed a petition for a permanent order of mandamus and appealed the planning commission's decision to the trial court. The trial court denied Rodrock's motion for summary judgment and granted summary judgment to the City and the planning commission. Rodrock appeals both rulings.

## Mandamus

Rodrock argues that approval of a plat which conforms to a city's subdivision regulations is a ministerial act which may be compelled by an order of mandamus. Its argument is based on case law that predates the current statutory law. The law now requires that the planning commission consider various factors in evaluating a plat. Consideration of the factors requires the exercise of judgment and discretion.

Mandamus is a proceeding to compel performance of a specified duty. K.S.A. 60-801. Mandamus is an appropriate proceeding for the purpose of compelling a public officer to perform a clearly defined duty, one imposed by law, that does not involve the exercise of discretion. *Legislative Coordinating Council v. Stanley*, 264 Kan. 690, 697, 957 P.2d 379 (1998). Mandamus will not lie to control the exercise of discretion by a public official. *Hill v. City of Lawrence*, 2 Kan. App. 2d 457, 458, 582 P.2d 1155, *rev. denied* 225 Kan. 844 (1978). An action in mandamus is inconsistent with the statutory provision for challenging the "reasonableness" of a decision. See K.S.A. 12-760(a); *Gaslight Villa, Inc. v. City of Lansing*, 213 Kan. 862, 872-73, 518 P.2d 410 (1974).

Rodrock relies primarily on *Moore v. City of Lawrence*, 232 Kan. 353, 654 P.2d 445 (1982). The *Moore* court said: "The planning commission is given no discretionary authority under this procedure." 232 Kan. at 361. At the time *Moore* was decided, K.S.A. 12-705b (Weeks) provided: "If the plat conforms to the requirements of [the subdivision] regulations, there shall be endorsed thereon the fact that it has been submitted to and approved by the city planning commission or joint committee." The current statute, K.S.A. 2000 Supp. 12-752(b), contains substantially the same language. However, the statute defining the scope of the subdivision regulations has been significantly modified. The current law contains a nonexclusive list of factors which provide for *efficient* and *orderly* location of streets, *reduction* of vehicular congestion, and "any other services, facilities and improvements *deemed appropriate*." K.S.A. 2000 Supp. 12-749(b). (Emphasis added.)

Under the current statutes, the planning commission has the power to adopt a comprehensive plan. It also has the power to amend the plan by resolution to add its recommendations. The former statute allowed an appeal to question the reasonableness of the ordinance or regulation. See K.S.A. 12-712 (Weeks). The current statute allows an appeal to the trial court to determine the reasonableness of the planning commission's decision. K.S.A. 12-760(a).

Clearly, the scope of the subdivision regulations and the authority of the planning commission to adopt and alter a compre-

hensive plan under the current law require the planning commission to exercise considerable discretion. Under the current law, approval of a plat is not a ministerial act and may not be compelled though mandamus.

*Reasonableness of the Planning Commission's Action*

Reasonableness is the standard by which the trial court reviews the planning commission's decision. See K.S.A. 12-760(a). Reasonableness is a question of law to be determined on the facts. On appeal, we apply the same standard as the trial court. See *Board of Johnson County Comm'rs v. City of Olathe*, 263 Kan. 667, 676, 952 P.2d 1302 (1998). There is a presumption that the planning commission acted reasonably, and the court may not substitute its judgment for that of the administrative body. 263 Kan. at 683.

The cases that deal with zoning and special use permits are instructive here because we are dealing with the extent to which local governments may limit a landowner's freedom to use and develop privately owned property. In the context of zoning,

"[a]ction is unreasonable when it is so arbitrary that it can be said it was taken without regard to the benefit or harm involved to the community at large, including all interested parties, and was so wide of the mark that its unreasonableness lies outside the realm of fair debate." *Johnson County Water Dist. No. 1 v. City of Kansas City*, 255 Kan. 183, 184, 871 P.2d 1256 (1994).

Rodrock argues that the planning commission's reasons for denying approval of the plat were so vague and ambiguous as to be unreasonable, arbitrary, and capricious. The planning commission's concerns in the minutes of the April 12, 1999, meeting include the plat's failure to conform to the WRCP and design manual, and inadequacy of the transition from an existing large-lot development to the plat's smaller lots.

Rodrock further contends that the planning commission lacked the discretion to deny approval of the plat if it complied with applicable subdivision and zoning regulations.

Assuming that the planning commission has discretion in applying the regulations, its discretion must be exercised within the limits of the regulations and its statutory authority. Approval of a plat is improperly denied where the plat conforms to all zoning and

subdivision regulations and planning commission standards. Denial must be based on violation of regulations and standards which are within the authority conferred by the enabling legislation. See 83 Am. Jur. 2d, Zoning and Planning § 556, p. 445-46. However, the Kansas statutes provide that a city may adopt regulations which control the aesthetics of the development. See *Blockbuster Video, Inc., v. City of Overland Park*, 24 Kan. App. 2d 358, 361, 948 P.2d 179 (1997). The city may then choose to enforce them or not when a development plan is proposed. 24 Kan. App. 2d at 360-61.

The issue before this court is whether the WRCP and design manual constitute legally adopted subdivision regulations of the City and, if so, whether the plat conforms to those regulations.

The City's staff expressed the opinion that the plat conformed to the UDO and recommended approval with conditions. Rodrock argues that the planning commission acted unreasonably in disregarding the opinion of the City's planner and legal counsel that the plat conformed to zoning requirements and subdivision regulations.

Even though this court is not bound by the legal conclusions of the City's staff or its attorney, their opinions may be a factor to consider in determining whether the planning commission acted reasonably. Nevertheless, the planning commission's decision was not contrary to the recommendations of the City's staff. Approval with conditions implies rejection of the plat as submitted. The planning commission has discretion to approve a plat with conditions or deny approval outright. See, *e.g., Herr v. Lancaster County Planning Com'n*, 155 Pa. Commw. 379, 394-95, 625 A.2d 164 (1993).

The planning commission reasoned that the plat did not comply with the WRCP and design manual, and that the plat would result in a disappointing development of a promising parcel of land. The planning commission also expressed the opinion that rejection of the plat was not inequitable because the developer bought the land after the WRCP was adopted and should have been aware of the inclusion of the WRCP in the UDO. The parties agree that the plat does not conform with the population density limits of the WRCP.

The final question, then, is whether the comprehensive plan and UDO were properly amended to include the WRCP and the design manual. The UDO directs that the planning commission approve a preliminary plat if the following criteria are satisfied:

"1. The proposed preliminary plat conforms to the requirements of Chapter 18.68, Subdivision and Lot Splits, the applicable zoning district regulations and any other applicable provisions of the code, subject only to acceptable rule exceptions.

"2. The subdivision represents an overall development pattern that is consistent with the Comprehensive Plan, Official Street Map and City studies.

"3. The plat contains a sound, well-conceived parcel and land subdivision layout which is consistent with good land planning and site engineering design principles.

. . . .

"6. For residential developments the plat is in conformance with the *Residential Neighborhood Design Manual*, or the *Traditional Neighborhood Design Manual*." Olathe City Code § 18.12.260A.

The WRCP was adopted into the Comprehensive Plan as a city policy guideline by Ordinance No. 98-54 on July 21, 1998. Thus, the WRCP and the design manual are included in the criteria the planning commission may consider in accepting or denying a preliminary plat.

Rodrock argues that adoption of the WRCP and the design manual constitutes an impermissible procedure for rezoning the affected property. This argument is without merit. Zoning controls the use of an area, while planning implements that use. See 83 Am. Jur. 2d, Zoning and Planning § 3, p. 36. Nothing in the WRCP or the design manual alters the zoning for single family residential use.

The planning commission acted within its statutory authority and its decision is affirmed.

### *Proper Party*

The trial court questioned *sua sponte* whether the planning commission was a proper party to the action but made no decision on the issue. Consequently, we have no ruling by the trial court to review on appeal and should not address this issue. However, lack of capacity of a party may be waived by failure to raise the defense.

See *Van Brunt, Executrix v. Jackson*, 212 Kan. 621, 624, 512 P.2d 517 (1973). By failing to assert the defense, the planning commission has consented to be sued. Whether it should have been named as a party is now a moot question.

### Summary Judgment Issues

Rodrock seeks specific rulings on the issues raised in its motion for summary judgment. As those issues are essentially the issues argued on appeal, and are the inverse of the City's arguments made to the trial court and on appeal, such rulings would be, if not technically moot, redundant.

Affirmed.