David J. Harding Trego County Attorney 216 North Main Street WaKeeney, Kansas 67672
Dear Mr. Harding:
On behalf of the Board of County Commissioners of Trego County, you request our opinion concerning the classification and width restrictions for roads in a county that has adopted the county road unit system.
Specifically you ask whether all county roads in a county road unit system are required to be classified pursuant to K.S.A. 68-516, and whether a board of county commissioners may create additional road classifications. You also ask whether a local service road as defined in K.S.A. 68-516(a)(3) is subject to the width restrictions set forth in K.S.A. 68-116 and whether a board of county commissioners may adopt a charter resolution modifying those width restrictions.
You indicate that Trego County has adopted the provisions of the county road unit system as set forth in K.S.A. 68-515b. K.S.A. 68-516 requires that all the roads and highways in county unit road counties be classified, constructed and maintained according to the classification system set forth therein. Thus, in response to your first question, all county roads in a county road unit system are required to be classified pursuant to K.S.A. 68-516.
You ask next whether a county may adopt road classifications in addition to those set out in K.S.A. 68-516. A board of county commissioners is authorized to "transact all county business and perform all powers of local legislation and administration it deems appropriate," subject only to the restrictions set forth by the Legislature.[1] The first of those restrictions is that "[c]ounties shall be subject to all acts of the legislature which apply uniformly to all counties."[2]
Additionally, a county may exercise its home rule powers by passing a charter resolution to exempt itself from any legislative act, or part thereof, that is applicable to the particular county but not uniformly applicable to all counties.[3] A charter resolution may also include substitute and additional provisions on the same subject.[4]
Therefore, we must determine if the road classifications enumerated in K.S.A. 68-516 apply uniformly to all counties, or whether Trego County may pass a charter resolution to exempt itself from those classifications and create additional road classifications.
Adoption of the county road unit system is optional in that K.S.A.68-515b provides that "[b]oards of county commissioners may adopt the provisions of the county road unit system. . . ."[5] K.S.A. 68-516
requires that all the roads and highways in county unit road counties be classified as provided in the statute.[6] These statutes contain no provisions that specifically treat one or more counties differently than other counties. In Moore v. City of Lawrence,[7] the Kansas Supreme Court addressed whether a statute, which was uniformly applicable to cities that opted to create a planning commission, prohibited a city that had created a planning commission from exercising its home rule powers to change the provisions of the statute by passing a charter ordinance. Because county home rule parallels city home rule, the Court has applied the same rationale to issues regarding the exercise of home rule by both cities and counties.[8] The Moore decision concluded that even though the statute pertaining to city planning was initially optional, the statute was intended to be uniformly applicable and binding on all cities that elected to adopt the planning commission procedure. Thus, a city that adopted the optional planning commission procedure was bound by a statute uniformly applicable, and the statute could not be opted out of or changed by charter ordinance.[9] Therefore, in response to your second question, it is our opinion that the provisions of K.S.A. 68-516
apply uniformly to all counties, and the Board of County Commissioners of Trego County may not adopt road classifications in addition to those set forth in K.S.A. 68-516.
Your next questions pertain to the width of county roads. You indicate that Trego County has many roads that are used exclusively for access to farm fields and pastures. You state that while these roads are critically important to the County's agricultural-based economy, they require only seasonal maintenance and do not justify a width that is wider than necessary for one farm implement to travel. You ask whether a local service road, as defined in K.S.A. 68-516(a)(3), is subject to the width restrictions set out in K.S.A. 68-116, and whether a board of county commissioners may adopt a charter resolution modifying those width restrictions. K.S.A. 68-516 includes local service roads as one of the road classifications in county road unit systems. Local service roads are defined to include "all public roads not designated for inclusion in the secondary road system and not designated as county minor collector roads or highways."[10] K.S.A. 68-116 prescribes the width of county roads as follows:
 "The width of all county roads shall be determined by the viewers at the time of establishing the same, and shall not be more than one hundred and twenty (120) nor less than sixty (60) feet. . . ."[11]
The statute authorizes a board of county commissioners to increase the prescribed width when necessary for public safety or proper construction of a road; however there is no authority for decreasing the prescribed width. Attorney General Opinion No. 82-219 determined that in order to use county road and bridge fund moneys to maintain a road, the road must be designated a county road and satisfy applicable statutory requirements and specifications including the width requirements of K.S.A. 68-116. A more recent Attorney General Opinion addressed whether a county could open a minimum maintenance road that was less than sixty feet wide. The opinion confirmed that a board of county commissioners must comply with the width requirements of K.S.A. 68-116 in laying out and opening a county road.[12] We opine that K.S.A. 68-116 applies uniformly to all county roads and, therefore, a local service road as defined in K.S.A.68-516(a)(3) is subject to the width restrictions set forth therein. Further, a board of county commissioners may not adopt a charter resolution to modify those road width restrictions.
In conclusion, all county roads in a county road unit system are required to be classified pursuant to K.S.A. 68-516. A board of county commissioners may not change or add to those classifications by adopting a charter resolution. The width requirements of K.S.A. 68-116 apply uniformly to all county roads, including local service roads, and may not be modified by the passage of a charter resolution.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 2001 Supp. 19-101a, as amended by L. 2002, Ch. 108, § 9.
[2] K.S.A. 2001 Supp. 19-101a(a)(1), as amended by L. 2002, Ch. 108, § 9.
[3] K.S.A. 2001 Supp. 19-101a(b), as amended by L. 2002, Ch. 108, § 9; K.S.A. 19-101b.
[4] K.S.A. 19-101b.
[5] Emphasis added.
[6] Emphasis added.
[7] 232 Kan. 353 (1982).
[8] See Missouri Pacific Railroad v. Greeley County Commissioners,231 Kan. 225 (1982); Blevins v. Hiebert, 247 Kan. 1 (1990).
[9] Moore, 232 Kan. at 356-357.
[10] K.S.A. 68-516(a)(3).
[11] Emphasis added.
[12] Attorney General Opinion No. 2002-30.