No. 90,620

CITY OF TOPEKA, KANSAS, *Appellant*, v. THE BOARD OF COUNTY
  COMMISSIONERS OF THE COUNTY OF SHAWNEE, KANSAS,
  SHAWNEE COUNTY REGISTER OF DEEDS, MARILYN NICHOLS,
  and K.W. SIMON & ASSOCIATES, INC., *Appellees*.

(89 P.3d 924)

Opinion filed
May 14, 2004.

*Sherri Price*, assistant city attorney, argued the cause and was on the briefs for appellant City of Topeka.

*Richard V. Eckert*, county counselor, argued the cause, and *Jonathan C. Brzon*, assistant county counselor, was on the brief for appellees Shawnee County Board of Commissioners, and Shawnee County Register of Deeds, Marilyn Nichols.

*Martha A. Peterson* and *Vernon L. Jarboe* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., of Topeka, were on the brief for appellee K.W. Simon & Associates, Inc.

The opinion of the court was delivered by

ALLEGRUCCI, J.: The Shawnee County Board of Commissioners (County) enacted a charter resolution approving the subdivision plat for Hickory Creek Subdivision No. 2, which was tendered by K.W. Simon & Associates, Inc. (Simon), and directing Marilyn Nichols, the Shawnee County Register of Deeds, to record the plat. The City of Topeka (City) sued, challenging the County's authority to approve the plat. The City sought a declaratory judgment, a writ of mandamus, and injunctive relief. On cross-motions for summary judgment, the district court ruled in favor of defendants. The City appealed. This court transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

The district court conducted a hearing on the parties' cross-motions for summary judgment and ruled from the bench. The City prepared the journal entry, and it was approved by the other parties

before being signed by the district court. At the hearing, the district court made no findings of fact, and none were included in the journal entry. The entire substance of the journal entry granting summary judgment in favor of the County and Simon is contained in the following paragraphs:

"1. That K.S.A. 12-741 *et seq.* and K.S.A. 19-2956 *et seq.* were enacted after *Moore v. City of Lawrence*, 232 Kan. 353, 654 P.2d 445 (1982), was decided. The Court stated that it is not certain that it agrees with *Moore*, and that even if *Moore* is still good law, there have been developments and enactments since that time that clearly make K.S.A. 12-741 *et seq.* non-uniform.

"2. That Charter Resolution No. 2002-1 passed by the County was not pre-empted by nor in conflict with K.S.A. 12-741 *et seq.*

"3. That the charter ordinance was enacted in light of K.S.A. 12-715d and was authorized by K.S.A. 19-2633. The Court stated that it did not think it was clear that K.S.A. 19-2633 had been repealed at that point in time and that K.S.A. 19-2633 still remains in effect. The Court also found that K.S.A. 12-741 *et seq.* does not conflict with K.S.A. 19-2633.

"4. That, although the County may have previously waived its rights to approve plats or accept the dedication of public lands for subdivisions located in the three mile area outside the city limits of the City of Topeka, the passage of Charter Resolution No. 2002-1 by the County pursuant to the home rule powers of K.S.A. 19-101b(d) rescinded any such waiver."

On appeal, the City challenges the entry of summary judgment against it. The City argues that the district court erred in each of its conclusions stated above. We conclude the dispositive issue is whether the district court erroneously decided that *Moore v. City of Lawrence*, 232 Kan. 353, 64 P.2d 445 (1982), is no longer good law. Hence, our discussion centers on *Moore* and its effect on the facts of the present controversy.

The City and County have agreed to cooperate in planning and zoning in the Topeka-Shawnee County metropolitan area. In 1958, the City adopted subdivision regulations governing land within the city limits and within 3 miles outside the city limits. The City's subdivision regulations are codified at Topeka City Code, Sections 134-2 to 134-175 (1995). It is undisputed that the County's sub-division regulations fit with the City's in providing that they govern all subdivision of land in the unincorporated area of Shawnee County, with the exception of the 3-mile jurisdictional control area of any incorporated city. In 1960, the City and County established

a joint planning commission, the Topeka-Shawnee County Regional Planning Commission. It was replaced in 1963 by another regional planning commission and in 1972 by the Topeka-Shawnee County Metropolitan Planning Commission (MPC). Each was established by an agreement set forth in a joint resolution and ordinance. The ordinance that established the MPC gives full force and effect to present subdivision and zoning regulations until a comprehensive plan prepared by the MPC is adopted by the City and the County. See Topeka City Code, Sections 110-26 *et seq.* (1995). The MPC has prepared no joint planning legislation relating to the regulation of subdivisions. Nor have the City and County jointly enacted any subdivision regulations.

The general practice of the MPC where a proposed subdivision is located within the City or within the 3-mile zone is to evaluate the proposal using the City's subdivision regulations and then submit the subdivision plat and any public dedications included in the plat to the Topeka City Council. If the subdivision is located in Shawnee County and more than 3 miles beyond the city limits of the City, the MPC evaluates the subdivision using the County's subdivision regulations and then submits the subdivision plat and any public dedications to the Board of Shawnee County Commissioners.

In January 2001, a majority of the Topeka City Council disapproved a plat application filed by Simon for Hickory Creek Subdivision No. 2 located in Shawnee County, near the intersection of SW 46th Street and SW Auburn Road within 3 miles of the city limits of the City. Simon appealed the City's decision to the district court, which held in favor of the City. Simon appealed the district court's decision to the Court of Appeals, which affirmed in a 2-page unpublished opinion. *K.W. Simon & Associates, Inc. v. City of Topeka*, No. 89,123, filed May 2, 2003. The Court of Appeals stated: "Judge Franklin R. Theis wrote an exhaustive and excellent 67-page opinion explaining why he had ruled against Simon. We agree with that opinion and will not attempt to improve upon it."

In October 2002, the County enacted Charter Resolution No. 2002-1 that approved Simon's subdivision plat and directed the

Shawnee County Register of Deeds to record it. The resolution states in part:

"1. The Board of County Commissioners of the County of Shawnee, Kansas hereby exempts itself from and makes inapplicable to it the provisions of the general planning and zoning law for the state of Kansas, K.S.A. 12-741 *et seq.*

. . . .

"5. Unless otherwise provided by act of the Board of County Commissioners, the general zoning and planning law, K.S.A. 12-741 *et seq.* shall continue to apply to all other land located in the unincorporated area of Shawnee County."

In November 2002, the City filed this action challenging the County's authority to approve the plat.

The district court treated the cross-motions for summary judgment as if there were no dispute as to the facts and no contention that the entry of summary judgment should have been precluded by a genuine issue of any material fact. Thus, this court's review of the district court's conclusions of law is de novo. See *Crumbaker v. Hunt Midwest Mining, Inc.*, 275 Kan. 872, 877, 69 P.3d 601 (2003).

The district court examined K.S.A. 12-741 *et seq.*, which is "enabling legislation for the enactment of planning and zoning laws and regulations by cities and counties for the protection of the public health, safety and welfare," and K.S.A. 19-2956 *et seq.* that authorizes planning and zoning in urban areas such as Johnson County, which is designated as an urban area by K.S.A. 19-2654. On the question whether K.S.A. 12-741 *et seq.* is non-uniform, the district court's journal entry states:

"K.S.A. 12-741 *et seq.* and K.S.A. 19-2956 *et seq.* were enacted after *Moore v. City of Lawrence*, 232 Kan. 353, 654 P.2d 445 (1982), was decided. The Court stated that it is not certain that it agrees with *Moore*, and that even if *Moore* is still good law, there have been developments and enactments since that time that clearly make K.S.A. 12-741 *et seq.* non-uniform."

The district court correctly concluded that K.S.A. 12-741 *et seq.* is not uniformly applicable to all counties. The procedures for adoption of subdivision regulations affecting property outside cities in K.S.A. 12-749(d) and K.S.A. 12-750 are quite different from those in K.S.A. 19-2961(b). In addition, the plat approval procedure set out in K.S.A. 12-752 differs significantly from the plat

approval procedure for second- and third-class cities in K.S.A. 12-401.

The City's position is that the elective planning and zoning procedures of K.S.A. 12-741 *et seq.* bind municipalities that elect to follow the procedures therein. The County used the enabling legislation for local planning and zoning and, according to the City's argument, became bound by the enactment as a result. The City relies on *Moore v. City of Lawrence*, 232 Kan. 353, 356-57, 654 P.2d 445 (1982), and cases citing it, such as *Bigs v. City of Wichita*, 271 Kan. 455, 23 P.3d 855 (2001), and *Crumbaker*, 275 Kan. 872, Syl. ¶ 2. "In *Moore*, the court rejected the idea that an enactment's containing an election was evidence that the legislature did not intend for it to be uniformly applicable for home rule analysis." *Bigs*, 271 Kan. at 467. The *Moore* court held that an enactment with optional applicability is uniformly applicable to all cities that elect to follow the procedure set out in the enactment. 232 Kan. at 357. The district court expressed doubt that the *Moore* principle is still good law, but its application by this court in recent cases demonstrates that it remains vital.

In *Moore,* *Bigs,* and *Crumbaker,* this court rejected the argument that the optional applicability of an enactment made the enactment subject to home rule exemption. In *Crumbaker*, K.S.A. 12-741 *et seq.* was at issue. The City of DeSoto acted contrary to the provisions of K.S.A. 12-757, as adopted in its zoning regulations, to change land use in order to allow a quarrying operation via an annexation agreement. The court rejected the argument that because the statutory procedures were not mandatory they could be bypassed by DeSoto's exercise of home rule powers:

"The main problem with this argument is that the City's own regulations clearly provide that it shall regulate land use as provided by the zoning statutes, K.S.A. 12-741 *et seq.* Moreover, pursuant to this enabling legislation, the City has passed its own ordinances and adopted regulations which detail the procedures to be followed when regulating land use and which must be consistent with the provisions of the Act. See K.S.A. 12-741. [The quarry company] is therefore precluded from relying upon the home rule doctrine in the instant case." 275 Kan. at 885.

In light of *Moore, Bigs,* and *Crumbaker,* nonuniformity of the planning and zoning laws for cities and counties does not decide

the issue. An enactment with optional applicability is deemed uniformly applicable to the governing bodies that elect to follow the procedure prescribed by the enactment. In this case, the County elected to follow the procedure prescribed by K.S.A. 12-741 *et seq.*

K.S.A. 12-741 *et seq.* was enacted after the 1972 agreement between the City and the County. See L. 1991, ch. 56. None of the parties, however, contends that the 1972 agreement was superseded by enactment of K.S.A. 12-741 *et seq.* or is inconsistent with it. The subdivision regulations promulgated by the City and the County pursuant to their agreements invest only the City with authority to approve the subdivision plat. The *Moore* rule binds the County to the procedure it has elected and agreed to follow.

The County, citing K.S.A. 19-101b(d), contends that its passage of the charter resolution approving the plat rescinded its prior agreements and resulting regulations. K.S.A. 19-101b(d) provides: "Each charter resolution passed shall control and prevail over any prior or subsequent act of the board and may be repealed or amended only by charter resolution or by an act of the legislature uniformly applicable to all counties." By the terms of its own charter resolution, however, the County's approval of the subdivision plat did not remove it from the operation of the legislation that enabled the City and County to enter into an agreement for unified metropolitan planning. The charter resolution at issue here was ineffective, by its own language and under *Moore*, to exempt the County from the procedure it elected and agreed to follow.

Simon would remove this case from the operation of the *Moore* principle by arguing that since *Moore* was decided, the court has held that uniformity (or deemed uniformity) without a clear statement of legislative intent to preempt the field does not preclude home rule. In *State ex rel. Kline v. Board of Comm'rs of Unified Gov't of Wyandotte Co./KC,* 277 Kan. 516, Syl. ¶ 4, 85 P.3d 1237 (2004), this court rejected a similar contention: "Since the adoption of the Home Rule Amendment, it is not the manifestation of the intent to apply a statute uniformly to all cities that controls but rather whether the constitutional requirement of uniformity is, in fact, met." That is true in county home rule cases where uniformity is required by statute rather than by the Kansas Constitution. *Cf.*

K.S.A. 2003 Supp. 19-101a(1); Kan. Const. art. 12, § 5; see *Board of Trego County Comm'rs v. Kansas Dept. of Revenue*, 261 Kan. 927, 930-35, 933 P.2d 691 (1997).

Although the other issues raised by the City on appeal need not be resolved, some additional comments are called for with regard to those issues.

The County cited K.S.A. 12-715d as a source of its power to control regulation of land use within 3 miles of a city. The district court concluded that the charter ordinance was enacted in light of K.S.A. 12-715d and was authorized by K.S.A. 19-2633. K.S.A. 12-715d applies to zoning rather than subdivision regulations. The district court, in stating that the charter resolution was enacted "in light of" 12-715d, recognized that it was not applicable to subdivision regulations. Nor does K.S.A. 19-2633 authorize the County's action. In *City of Salina v. Jaggers*, 228 Kan. 155, Syl. ¶ 4, 612 P.2d 618 (1980), the court held that "K.S.A. 19-2633 was impliedly repealed with the passage of K.S.A. 19-2901 *et seq.*, and in particular, K.S.A. 19-2905." K.S.A. 19-2905, along with all but one provision of K.S.A. 19-2901 *et seq.*, was repealed in 1992. L. 1991, ch. 56, sec. 28. K.S.A. 19-2901 *et seq.* governed zoning within designated townships. That enactment and other land use statutes were replaced by K.S.A. 12-741 *et seq.*, which governs planning, zoning, and subdivision regulations in cities and counties.

Reversed and remanded for further proceedings consistent with this opinion.