REIFF, APPELLANT, *v.* CITY COUNCIL OF HAMILTON, OHIO, ET AL., APPELLEES.

(No. 1487—Decided March 27, 1972.)

*Mr. Maxwell N. Wear*, for appellant.
*Mr. Hjalmar Persson*, for appellees.

HESS, P. J. This is an appeal from a summary judgment entered in favor of the defendants, appellees herein, by the Court of Common Pleas of Butler County, Ohio. There is no material dispute on the facts.

On February 22, 1971, the city of council of Hamilton, Ohio, enacted ordinance No. 7469 entitled: "[D]etermining to proceed with stage 1 of the South Lindenwald Storm Drainage System." On March 22, 1971, a referendum petition was filed with the clerk of the city of Hamilton. On April 14, 1971, the petition was found by the clerk to be sufficient and he so certified it to the council. After receiving the certification of the petition at its meeting on April 14, 1971, a motion was duly made, recorded and adopted that "Ordinance No. 7469 determining to proceed with stage 1 of the South Lindenwald Storm Drainage System be repealed."

On April 28, 1971, an ordinance to repeal ordinance No. 7469 was given a first reading. On May 12, 1971, there was a second reading and on May 26, 1971, there was a third reading. Following the third reading, a vote of council was taken and the repeal ordinance did not receive sufficient votes for enactment.

The complaint herein was then filed seeking to restrain the city council from placing the ordinance on the ballot and to declare ordinance No. 7469 repealed by the action of the city council adopting a motion to repeal. Subsequently, the city council enacted ordinance No. 7520 placing ordinance No. 7469 on the ballot. Both parties filed motions for summary judgment. The trial court entered judgment in favor of the city council.

The issue presented by the single assignment of error is whether the city council's reconsideration of ordinance No. 7469 and subsequent adoption of a motion to repeal the ordinance automatically repealed ordinance No. 7469, or whether the same procedure must be followed to repeal the ordinance as that required to enact it.

Generally, absent legislation to the contrary, a new ordinance is required to expressly repeal an existing ordinance. 56 American Jurisprudence 2d 453, Municipal Corporations, Section 411; 62 Corpus Juris Secundum 836, Municipal Corporations, Section 435(C).

Section 004.22, charter of the city of Hamilton, Ohio, provides in part that: "* * * Upon receipt of the clerk's certificate the council shall proceed to reconsider the ordinance or part thereof, and its final vote upon such consideration shall be upon the question, 'Shall the ordinance (or part of the ordinance) set forth in the referendum petition be repealed?' If upon such reconsideration the ordinance, or part thereof, be not repealed it shall be submitted to the electors at the next municipal election * * *."

Plaintiff, the appellant, argues that upon the reconsideration of an ordinance, under section 004.22, a vote by the council in favor of repeal is the sole procedural requirement for repeal of an existing ordinance. Such a conclusion cannot be drawn from the language of that section which provides that the reconsideration vote is to be taken upon the question of what future course the city council will follow concerning an ordinance which is the subject of a referendum petition. There is no authorization in section 004.22 for the repeal of an ordinance upon a reconsideration vote.

The above interpretation of section 004.22 is consis-

tent with sound legislative procedure and statutory law. Legislative enactments often impose heavy restrictions, financial burdens, or other sanctions upon a wide range of persons within the legislative district. To insure that such burdens are fairly and reasonably imposed, specific procedures are required before legislation is adopted. The repeal of legislation has similar widespread effect upon the community and, consistent with sound legislative operation, must be subject to the same procedural requirements as positive enactments. Further, R. C. 731.17 requires the legislative authority of a municipal corporation to act by ordinance or, where appropriate, resolution.

Neither section 004.22, city charter of Hamilton, Ohio, nor the Ohio Revised Code contain authorization for repeal of an ordinance upon a reconsideration vote alone. In the absence of such legislative authorization, the same procedural requirements which must be followed to enact an ordinance must also be followed to repeal an existing ordinance.

When the city council did not enact an ordinance repealing ordinance No. 7469, that ordinance remained in full force and effect and was the proper subject of a referendum petition. It follows that the assignment of error is without merit.

It is, therefore, ordered by the court that the judgment of the Court of Common Pleas of Butler County be, and the same hereby is, affirmed.

*Judgment affirmed.*

Young and Shannon, JJ., concur.