No. 76,574

BOARD OF COUNTY COMMISSIONERS OF TREGO COUNTY, KANSAS, *Appellant,* v. DIVISION OF PROPERTY VALUATION, KANSAS DEPARTMENT OF REVENUE, and GEORGE OVERTON, *Appellees.*

933 P.2d 691

Opinion filed March 7, 1997.

*Bernard T. Giefer,* of Shepherd & Giefer, of WaKeeney, was on the brief for appellant.

*Nancy E. Freund*, of Murphy & Freund, of Topeka, was on the brief for appellee George Overton.

The opinion of the court was delivered by

LOCKETT, J.: The Board of Commissioners of Trego County (Board) appeals an order of the district court sustaining the Director of the Division of Property Valuation's (Director) finding that the Board improperly terminated the county appraiser and exceeded its home rule powers by placing a nonstatutory requirement on the appraiser's appointment. The district court ordered the Board to reinstate the appraiser retroactively and reimburse him for lost wages, as well as other compensation and benefits.

The Board originally appointed George Overton to the position of deputy Trego County appraiser for a 2-year term commencing January 1, 1987. In 1989, the Board appointed him as county appraiser for a 4-year term. On June 30, 1993, the Board reappointed Overton as county appraiser for another 4-year term of office commencing on July 1, 1993. Included in the 1993 resolution of appointment was the following provision:

"BE IT FURTHER RESOLVED that the appointment of George Overton is conditional upon his becoming state certified or state licensed, pursuant to Article 41 of Chapter 58 of the Kansas Statutes Annotated, and amendments thereto, not later that July 1, 1994."

In October, 1993, the Board received a letter from the Division of Property Valuation (DPV) informing the Board that the conditional appointment of Overton was not in compliance with K.S.A. 19-430, which governs the appointment, term, and qualifications of county appraisers. The DPV gave the Board until November 12, 1994, to respond. The Board failed to respond to the letter.

On June 13, 1994, the Board wrote Overton and reminded him that his appointment as county appraiser had been conditional. The letter stated further that if Overton did not meet the express requirement that he become state certified or state licensed, he would be terminated effective July 1, 1994. On July 11, 1994, the Board terminated Overton because he had "failed to become state certified or state licensed, pursuant to Article 41, of Chapter 58 of

the Kansas Statutes Annotated, and amendments thereto, not later than July 1, 1994."

Overton appealed his termination to the Director pursuant to K.S.A. 19-431(a). After a hearing, the Director observed that K.S.A. 19-431 requires that the termination of a county appraiser be based upon a demonstrated failure of neglect of duty by reason of incompetency or other cause. The Director reviewed the evidence and found that Trego County was in substantial compliance with DPV directives for 1994. The Director concluded that Overton had neither failed nor neglected to properly perform his duties.

The Director noted that Overton was the qualified, eligible, and duly appointed county appraiser pursuant to K.S.A. 19-430 for the term commencing July 1, 1989. The Director then observed that Overton met all the statutory requirements to qualify as an eligible appraiser when he was reappointed for another 4-year term commencing July 1, 1993. The Director rejected the Board's contention that it had authority under home rule to set additional employment conditions regarding Overton's reappointment in excess of those prescribed by statute. The Director reasoned that because K.S.A. 19-430 permitted Overton to be reappointed to his position regardless of whether he was state certified or licensed and that statute was uniformly applicable to all counties in Kansas, the Board had no authority under home rule to add an additional qualification that conflicted with the statute. The Director concluded Overton had been terminated without cause and ordered Overton's reinstatement as well as payment of lost wages and other compensation and benefits he would have received but for the wrongful termination. The Director denied the Board's petition for reconsideration.

The Board petitioned for judicial review pursuant to the Act for Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.*, to the district court of Trego County. The district court rejected the Board's claim that Overton's work performance was unacceptable. The district court noted that K.S.A. 19-430 applies uniformly to all counties. The district court concluded that the Director had correctly determined that the county's home rule

power could not be exercised if it conflicted with the state statute. The district court affirmed the Director's order reinstating Overton and awarding damages. The Board appealed to the Court of Appeals and the case was transferred to this court pursuant to K.S.A. 20-3018(c).

## STANDARD OF REVIEW

Agency orders are subject to judicial review under the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* Pursuant to K.S.A. 77-621(c)(4), the court shall grant relief if it determines that the Board erroneously interpreted or applied the law regarding the county's home rule power. On appeal, the Board argues that the Director erroneously interpreted or applied the law in concluding that the Board had no home rule authority to condition Overton's appointment upon his obtaining state certification or license. Whether an agency has erroneously interpreted the law is a question of law over which an appellate court's review is unlimited. See K.S.A. 77-621(c)(4); *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992).

Home rule powers are those granted by the Constitution or by legislative act to units of local government to transact local business and perform such local and administrative duties as these local units may deem appropriate, subject to certain limitations imposed upon such grant of power. *Missouri Pacific Railroad v. Board of Greeley County Comm'rs*, 231 Kan. 225, 226, 643 P.2d 188 (1982). Home rule powers were granted to cities by constitutional amendment in 1961. Kan. Const. art. 12, § 5. In 1974, the legislature passed an act granting powers of home rule to counties. L. 1974, ch. 110. "Counties in Kansas are now empowered to transact all county business and perform such powers of local legislation and administration as may be appropriate, subject, however, to the restrictions and prohibitions set forth in K.S.A. 19-101a." 231 Kan. at 226.

It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway,* 253 Kan. 434, 436, 855 P.2d 956 (1993). The qualifi-

cation and appointment of county appraisers is set by K.S.A. 19-430, which provides in part:

"On July 1, 1993, and on July 1 of each fourth year thereafter, the board of county commissioners of each county shall by resolution appoint a county appraiser for such county who shall serve for a term of four years and until a successor is appointed. . . . No person shall be appointed or reappointed to or serve as county appraiser in any county under the provisions of this act unless such person shall have at least one year of appraisal experience and be qualified by the director of property valuation as an eligible Kansas appraiser under the provisions of this act. . . . No person shall be appointed to the office of county or district appraiser or to fill a vacancy therein unless such person is currently a state licensed real property appraiser, a certified general real property appraiser or certified residential real property appraiser pursuant to article 41 of chapter 58 of the Kansas Statutes Annotated, and amendments thereto, except that from and after July 1, 1997, no person shall be appointed to the office of county or district appraiser or to fill a vacancy therein, in any county under the provisions of this act unless such person is currently a certified general real property appraiser pursuant to article 41 of chapter 58 of the Kansas Statutes Annotated and amendments thereto. *Notwithstanding the foregoing provision, any person who holds the office of county appraiser upon the expiration of the term of such office shall be eligible for reappointment to such office regardless of whether such person is so certified or licensed.*" (Emphasis added.)

K.S.A. 19-101a addresses the limitations, restrictions, prohibitions and procedures relating to home rule of counties in Kansas. It provides:

"(a) The board of county commissioners may transact all county business and perform all powers of local legislation and administration it deems appropriate, subject only to the following limitations, restrictions or prohibitions:

(1) Counties shall be subject to all acts of the legislature which apply uniformly to all counties.

. . . .

(14) *Counties may not exempt from or effect changes in K.S.A. 19-430, and amendments thereto. Any charter resolution adopted by a county prior to July 1, 1983, exempting from or effecting changes in K.S.A. 19-430, and amendments thereto, is null and void.*" (Emphasis added.)

Finally, the statute provides that counties may enact local legislation not in conflict with state statutes by passing an ordinary resolution and publishing it in the official county newspaper. If the proposed local legislation conflicts with a state statute which is not

uniformly applicable to all counties, the county must pass a charter resolution for which a procedure is set out in K.S.A. 19-101b.

The court considered county home rule powers in 1982. *Missouri Pacific*, 231 Kan. 225, involved a plaintiff railroad which filed a declaratory judgment action in the district court to determine the validity of a home rule resolution passed by Greeley County to regulate dirt embankments on the railroad's right-of-way. In denying the validity of the resolution, the court noted that counties in Kansas are empowered to transact all county business and perform such powers of local legislation and administration as may be appropriate, subject, however, to the restrictions and prohibitions set forth in K.S.A. 19-101a. 231 Kan. 225, Syl. ¶ 1.

The court stated that the legislature may reserve exclusive jurisdiction in a particular area by enacting a law of uniform application throughout the state, which thus manifests a clear intent to pre-empt the field. 231 Kan. at 227. The court noted:

> "The rule denying power to a local body when the state has pre-empted the field is a rule of necessity based upon the need to prevent dual regulation which would result in uncertainty and confusion; and whether the state has pre-empted the field to the exclusion of local legislation depends not only on the language of the statutes, but upon the purpose and scope of the legislative scheme." 231 Kan. at 228.

The court noted further that home rule powers granted to cities by constitutional amendment and to counties by legislative act are similar and parallel in many particulars. 231 Kan. at 226. The court concluded that the primary method of determining whether an ordinance or resolution of a county is inconsistent with a statute of the state is to see whether the local law prohibits what the state law permits or the state law prohibits what the local law permits.

The court next considered county home rule in *State ex rel. Stephan v. Board of Sedgwick County Commr's*, 244 Kan. 536, 770 P.2d 455 (1989). In that case, Sedgwick County adopted a home rule resolution to increase the quorum for future meetings of the board to four rather than three county commissioners. The attorney general filed a declaratory judgment action asking that this court declare the resolution void. The court noted that Kansas home rule legislation empowers counties to "transact all county

business and perform all powers of local legislation and administration it deems appropriate," subject only to specific enumerated exceptions. 244 Kan. at 540. The State agreed that K.S.A. 19-206 asserted a statutory limitation to the county's home rule power by providing that, in all counties, a majority of the board could call a special session. The State argued it was inconsistent for a majority of the board to be able to call a special session under K.S.A. 19-206, yet not constitute a quorum. The court, however, observed that K.S.A. 19-206 was a nonuniform statute as it only applied to counties with more than 8,000 inhabitants. Since K.S.A. 19-206 was not a uniform statute, the court determined that it did not limit the authority of the county to increase the definition of a quorum beyond the majority of its members and found the resolution raising the quorum was a valid exercise of the county's home rule authority. 244 Kan. at 544.

The next case addressing county home rule was *Blevins v. Hiebert*, 247 Kan. 1, 795 P.2d 325 (1990). *Blevins* involved Douglas County's authorization of general obligation bonds for highway construction. The *Blevins* court reiterated that home rule is prohibited where a statute uniformly applies to all counties. The court noted home rule is available to counties in all areas of local government not prohibited by K.S.A. 19-101a. The court stated that where a statute is nonuniformly applicable to all counties, a county may opt out of such a law only by charter ordinance or charter resolution, subject to petition and referendum. 247 Kan. at 5. The court also discussed a court-imposed exception which applies only in the area of local police powers and stated that home rule is also available in the areas of regulation and prohibition where local government exercises its police power for the health, safety, and general welfare of the public. The *Blevins* court stated that a municipality or county has the right to legislate, by ordinary ordinance or resolution, nonconflicting local police power laws even when there are state laws on the subject uniformly applicable to all municipalities. 247 Kan. at 8.

The Board concedes that it is specifically prohibited from adopting a charter resolution to exempt itself from K.S.A. 19-430 by K.S.A. 19-101a(a)(14), which sets the limitations, restrictions, pro-

hibitions, and procedures for county home rule. The Board admits that Overton, who held the office of county appraiser upon expiration of the 1993 term of office, was statutorily eligible for reappointment regardless of whether he was certified or licensed. The Board, however, asserts that even though it is forbidden from exercising home rule authority to adopt a charter resolution to exempt itself from K.S.A. 19-430, it may, by ordinary resolution, supplement a legislative enactment. The Board reaches this conclusion by reasoning that since K.S.A. 19-430 does not expressly forbid it from making an appointment conditional on "supplemental" qualifications, it can be inferred that it has the power to do so.

The Board characterizes its imposition of a licensure/certification requirement upon Overton as a "supplement" and not an exemption from the requirements of K.S.A. 19-101a(a)(14). The Board argues its resolution is not in conflict with state law but is "merely more restrictive than the minimal qualification imposed by statute." The Board asserts it merely conditioned Overton's appointment in recognition of the express statutory preference for a state certified or licensed appraiser, and the addition of that condition was in the county's best interests and not arbitrary, capricious, onerous, or burdensome.

County home rule powers are to be liberally construed for the purpose of giving to counties the largest measure of self-government. *Missouri Pacific*, 231 Kan. 225, Syl. ¶ 2. Counties are prohibited, however, from passing any legislation which is contrary to or in conflict with any act of the state legislature which is uniformly applicable to all counties throughout the state. 231 Kan. 255, Syl. ¶ 3. The primary method of determining whether an ordinance or resolution of a county is inconsistent with a statute of the state is to see whether the local law prohibits what the state law permits or the state law prohibits what the local law permits. 231 Kan. at 227. Applying these principles of county home rule to the case at hand, we find the Board's argument has no merit.

First, the Board's argument that it may enact "supplemental" legislation pursuant to its police powers is not applicable to this case because its resolution appointing a county appraiser is clearly not an exercise of local police powers regulating the health, safety,

and general welfare of the public. Second, there is a direct conflict between the state statute establishing qualifications of county appraisers and the resolution adopted by the Board. The Board's resolution imposes a condition upon the reappointment of Overton in addition to what the statute expressly requires. The resolution directly conflicts with a state statute which is uniformly applicable to all counties. Since K.S.A. 19-430 sets the qualifications for Overton to be reappointed to the position of county appraiser regardless of whether he is state certified or licensed and is uniformly applicable to all counties in Kansas, the Board is prohibited from passing a home rule resolution conflicting with the statute.

The Director's and district court's determination that the county appraiser was terminated without cause and the order of reinstatement and payment of lost wages and other compensation and benefits is affirmed.