Gordon B. Stull Pratt County Counselor P.O. Box 345 Pratt, Kansas 67124
Dear Mr. Stull:
You request our opinion regarding the authority of a county to allow taxpayers to "pay estimated ad valorem real estate taxes in advance by making monthly payments into an escrow account to be managed by the county treasurer." Taxpayers would be able to annualize payment of their real property taxes beginning in January and could make payments throughout the year in such amount and at such times as they choose. On December 20, the county treasurer would apply the amount previously paid by the taxpayer toward payment of the taxes and the taxpayer would have to pay any deficiency at that time. Any excess could either be refunded to the taxpayer or applied to the following year's tax account, at the taxpayer's option. The county would benefit from any interest earned on the prepaid tax amounts held by the county, and a $1.00 handling fee would be charged for each payment made by the taxpayer. You ask whether there is any statutory authority for the creation and maintenance of such an arrangement by the county and, if not, whether the county could create such an arrangement under its home rule authority.
K.S.A. 79-2004 is the statute that deals with the time for payment of real estate taxes. It offers the taxpayer the options of paying taxes in full by December 20 of the tax year, or paying half by December 20 and the other half by the following June 20. This statute provides that if a taxpayer fails to pay at least half of the real estate taxes owing by December 20 of the tax year, or the full amount by the following June 20, interest begins to accrue on the due and owing but unpaid amount. There is no specific authority for taxpayers to pay, or counties to collect, non-delinquent real estate taxes in any other way. However, K.S.A. 79-2004 does not expressly preclude counties from accepting prepayment of real estate taxes in installments and provides no penalty to the taxpayer for making such installments as long as at least half of the taxes are paid by December 20 and the taxes are paid in full by June 20. Attorney General Opinion No. 86-96 concluded that "a county treasurer may not be compelled to accept partial payment on any delinquent taxes, although he or she may do so in his or her discretion." (Subsequently, K.S.A. 79-2024 was enacted to specifically allow county treasurers to accept partial payment of delinquent real estate taxes.) The same would appear to hold true for taxes that are not yet delinquent.
Pursuant to K.S.A. 1997 Supp. 19-101a counties are empowered to "transact all county business and perform all powers of local legislation and administration" deemed appropriate, subject to limitations established by the Legislature.
 "County home rule powers are to be liberally construed for the purpose of giving to counties the largest measure of self-government. Counties are prohibited, however, from passing any legislation which is contrary to or in conflict with any act of the state legislature which is uniformly applicable to all counties throughout the state. The primary method of determining whether an ordinance or resolution of a county is inconsistent with a statute of the state is to see whether the local law prohibits what the state law permits or the state law prohibits what the local law permits."[1]
A county's decision to allow taxpayers to make advance installments of tax payments would not permit something that K.S.A. 79-2004 prohibits, nor prohibit something that statute permits. Thus, if consistent with other pertinent state statutes, it would not be in conflict with state law and could be pursued through home rule. Nor would the county's decision to retain the interest earned on deposit of the advance payments appear to conflict with state law.[2] Whether a county may charge a handling fee for each payment, however, is a more difficult question. This would be similar to imposing an additional condition on the payment of taxes akin to what the Court found offensive in Trego County.[3]
With the county's interest earnings to offset additional costs associated with managing an advance installment plan, it is unclear why a handling fee of $1 per payment would be necessary. Details regarding accounting principles and procedures should be discussed with the county's auditors and the Department of Administration's Municipal Accounting Section.
In conclusion, counties are not prohibited by K.S.A. 79-2004 from establishing an advance installment plan for payment of real estate taxes pursuant to home rule authority. Pursuant to K.S.A. 1997 Supp. 19-101a, the provisions of such a plan may not conflict with any enactment of the Legislature which applies uniformly to all counties.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] Board of County Commissioners of Trego County v. Division ofProperty Valuation, 261 Kan. 927, 934 (1997) (citations omitted).
[2] See Unified School District No. 490, Butler County v. Board ofCounty Commissioners of Butler County, 237 Kan. 6, Syl. ¶ 2 (1985).
[3] Board of County Commissioners of Trego County, supra note 1 at 935.