Robert D. Wilson Cowley County Counselor 110 South A Street P.O. Box 896 Arkansas City, Kansas 67005-0896
Dear Mr. Wilson:
You have asked our opinion regarding the authority of a board of county commissioners to abolish a county planning commission and repeal a comprehensive plan for the county. You indicate that the Board of County Commissioners of Cowley County (Board) created the Cowley County Planning Commission and adopted a comprehensive plan for the County pursuant to K.S.A. 12-741 et seq. As a result of a change in County Commissioners following the November, 2000 election, the Board now wishes to abolish the Planning Commission and the comprehensive plan.
Your first question is whether a board of county commissioners has the authority to abolish by resolution a county planning commission created pursuant to K.S.A. 12-744. K.S.A. 12-744
provides that a board of county commissioners may create a planning commission by adopting a county resolution. The county commission appoints the members of the planning commission after determining the number of members and their terms of office. The statute also provides that the county commission "may adopt rules and regulations providing for removal of members of the planning commission."[1] You have informed us that there are no provisions for removal of the members of the Cowley County Planning Commission. There is no statutory procedure for abolishing a planning commission. The general rule is that when a board of county commissioners is vested with discretionary power to establish a particular board, it may ordinarily abolish that board.[2] No county is required by statute to create a planning commission, but rather, the decision to create such a commission is left to the discretion of a board of county commissioners.
In addition, K.S.A. 2000 Supp. 19-101a authorizes a board of county commissioners to use home rule power to transact all county business and perform all powers of local legislation and administration the board deems appropriate, subject to the limitations set forth therein. Where there is no specific statutory procedure for repealing a legislative action by a board of county commissioners, counties may utilize their home rule authority if that authority is not clearly preempted by the Legislature and does not conflict with a statutory provision.[3]
County home rule powers are to be liberally construed to give counties the largest measure of self-government.[4] The Legislature has made the appointment and continued operation of a planning commission a matter of local legislation by delegating to each county the decision-making authority of whether to establish a planning commission. We find no limitation in K.S.A. 2000 Supp.19-101a regarding the use of home rule to abolish a planning commission. By stating that the planning and zoning act[5] "is not intended to prevent the enactment . . . of additional laws and regulations on the same subject which are not in conflict with the provisions of this act[,]"[6] the Legislature indicated its intent not to preempt the use of home rule authority. Because the statutes are silent regarding the abolishment of a planning commission, a county resolution to do so would not conflict with any statutory provision. Therefore, in our opinion, a board of county commissioners may exercise its home rule power, by resolution, to abolish its county planning commission created pursuant to K.S.A. 12-744.
Your next question is whether a board of county commissioners has the authority to repeal by resolution a comprehensive plan previously adopted by the board pursuant to K.S.A. 12-747 and, if so, whether the board may exercise its authority to repeal the plan in the absence of a recommendation from the planning commission. A county planning commission is authorized to recommend a comprehensive plan for the coordinated development of the county to the board of county commissioners.[7] No comprehensive plan becomes effective until approved by the board of county commissioners by resolution.[8] While the statutes do not address repealing a comprehensive plan, they do provide for amending a comprehensive plan using the same procedures required for its initial adoption.[9] Those procedures include action by a board of county commissioners only after the planning commission has given notice, held a public hearing and made recommendations to the board of county commissioners.[10] While the initial decision whether to appoint a planning commission under K.S.A.12-741 is optional with a board of county commissioners, once a county chooses to adopt this method, it must follow the procedures set forth in those statutes.[11]
Attorney General Robert Stephan addressed a similar question concerning the procedure to be used by a municipality to repeal a zoning ordinance where the zoning statute in question[12] provided for amendment, but did not address the repeal of a zoning ordinance. The Opinion noted that "it has been held that the `same formalities' necessary to the enactment of an ordinance must be observed in its amendment or repeal."[13] The Opinion concluded that:
 "The revocation of a zoning ordinance is as much a land-use decision as the creation of a zoning system or subsequent amendment thereto. Accordingly, given the high priority placed by the legislature on notice and hearing requirements in the enactment or amendment of an ordinance, it would appear consistent with the legislative intent to afford those parties interested in preserving the status quo notice and an opportunity to be heard before a zoning ordinance can be repealed."
We believe this same rationale applies to the repeal of a comprehensive plan. K.S.A. 2000 Supp. 12-747(d) requires the same procedure to amend a comprehensive plan as it requires to adopt the original plan. It is our opinion that if a planning commission has been appointed by a board of county commissioners under K.S.A.12-741 et seq., the board should follow the same procedure to repeal its comprehensive plan as is required by K.S.A. 2000 Supp.12-747 to adopt and amend the plan. However, if a board of county commissioners has abolished its planning commission and no longer intends to use the provisions of K.S.A. 12-741 et seq., it is no longer bound by those statutory requirements and, therefore, may use its power of home rule to repeal its county's comprehensive plan.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 12-744(b).
[2] 56 Am.Jur.2d, Municipal Corporations, § 338.
[3] See McCarthy v. City of Leawood, Kansas, 257 Kan. 566 (1995);Moore v. City of Lawrence, 232 Kan. 354 (1982).
[4] K.S.A. 19-101c. See also Board of Trego County Comm'rs v.Kansas Dept. of Revenue, 261 Kan. 927, 934 (1997).
[5] K.S.A. 12-741 et seq.
[6] K.S.A. 12-741(a).
[7] K.S.A. 2000 Supp. 747(a).
[8] K.S.A. 2000 Supp. 747(b).
[9] K.S.A. 2000 Supp. 747(d).
[10] K.S.A. 2000 Supp. 747(b).
[11] Moore v. City of Lawrence, 232 Kan. 353, 356 (1982).
[12] K.S.A. 12-708 (repealed L. 1991, Ch. 56, § 28).
[13] Attorney General Opinion No. 81-166, citing Reiff v. CityCouncil of Hamilton, 32 Ohio App.2d 224, 289 N.E.2d 358 (1972); 56 Am. Jur. 2d, Municipal Corporations, § 411, p. 453 (1971).