No. 94,707

Shari Perry, *Appellant,* v. Board of County Commissioners of the County of Franklin, Roy Dunn, In His Individual and Official Capacities, Donald Hay, In His Individual and Official Capacities, John Taylor, In His Individual and Official Capacities, Donald Stottlemire, In His Individual and Official Capacities, and Donald Waymire, In His Individual and Official Capacities, *Appellees.*

(132 P.3d 1279)

Opinion filed May 5, 2006.

*Penny R. Moylan,* of Bennett & Hendrix, L.L.P., of Topeka, argued the cause, and *Mark L. Bennett, Jr.,* of the same firm, was with her on the brief for appellant.

*Carl A. Gallagher,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, argued the cause, and *Brian J. Zickefoose,* of the same firm, and *Blaine Finch,* county counselor, were with him on the briefs for appellees.

*Judith A. Moler,* general counsel, was on the brief for *amicus curiae* Kansas Association of Counties.

*Teresa L. Sittenauer,* of Fisher, Patterson, Sayler & Smith, L.L.P., was on the brief for *amicus curiae* Kansas County Officials Association.

The opinion of the court was delivered by

NUSS, J.: This case concerns the relationship between an elected county official and her county. After the Franklin County Board of County Commissioners passed a resolution assigning the preparation of county employees' payroll to the newly created Human Resources Department, Shari Perry, the county clerk, sought declaratory and injunctive relief. She claimed the resolution was contrary to state law, void, and unenforceable because payroll preparation was her statutory duty. Perry appeals the district court's granting of summary judgment to the county.

The issues on appeal, and our accompanying holdings, are as follows:

1. Did the district court err in addressing the merits of the action? No.

2. Did the district court err in holding that the preparation of payroll is not a statutorily mandated duty of the county clerk? No.

3. Did the district court err in holding that K.S.A. 12-3903 does not apply to the present case? No.

Accordingly, we affirm.

## FACTS

In December 1996, the Franklin County Board of County Commissioners (Board) enacted a resolution that created a Department of Personnel and Purchasing. Among other things, the department was responsible for preparing and performing all related payroll functions for the county. In July 1999, the Board enacted a resolution that terminated the Department of Personnel and Purchasing and consolidated its duties, including payroll, with the county clerk. In July 2004, the Board adopted Resolution 04-63, creating the Franklin County Human Resources Department (HRD) and providing that "preparation of the County's payroll shall be carried out by the County Clerk's Office." The HRD was charged with handling most county employee personnel matters.

On March 2, 2005, however, the Board adopted Resolution 05-21, amending Resolution 04-63. Among other things, the new resolution provided that the HRD, and not the county clerk, would now prepare the county employee payroll. The resolution states in relevant part:

"2. In addition to the duties conferred upon the Human Resources Department in Resolution 04-63, subsection (4), *the Human Resources Department shall also undertake the responsibility of preparing the payroll of county employees.* This duty shall include but not be limited to: the collection of time worked by employees, the preparation of all payroll checks or deposits, *except that all signatures required by statute to be placed upon the checks shall still be required by the proper party*, the preparation of all necessary payroll reports for outside agencies, the preparation of all necessary W-2 forms, the management of all taxable reimbursements, the contract for all outside agencies regarding, KPERS, Department of Labor, pensions, employee benefits, and shall have the responsibility for ensuring county compliance with all applicable state and federal regulations.

"3. It shall be the duty of the Human Resources Department to prepare a statement each time a payroll is complete detailing the amounts to be paid in compensation by each department and the line items from which the funds are to be taken. *This information is to be presented to the County Clerk for the purpose of allowing the clerk to perform any necessary function expressly stated in K.S.A. § 19-301 et seq.*" (Emphasis added.)

That same month, Perry, who had been county clerk since 1997, filed a Petition for Restraining Order and Injunction and Declaratory Judgment in the district court of Franklin County. The petition alleged that Resolution 05-21 would: (1) eliminate the county clerk's statutorily mandated duty of performing payroll function without the consent of the county clerk or presenting the same for election; (2) consolidate a function of the county clerk's office without a sufficient factual basis; and (3) usurp the county clerk's authority and duty over her office's personnel matters. Accordingly, Perry sought to prevent the Board from "(1) enforcing Franklin County Resolution No. 05-21; (2) prosecuting plaintiff for any alleged violations of Resolution No. 05-21; and (3) engaging in any action or conduct that interferes with plaintiff's duties or operations that is related in any way to Resolution 05-21."

Ten days later the Board filed a motion to dismiss, arguing that Perry's petition failed to state a claim upon which relief could be granted. The motion alleged that preparation of payroll is not a statutorily mandated duty of the county clerk and asserted that Resolution 05-21 contains an express provision to protect the county clerk's statutory duties. The Board attached several exhibits to its motion including the resolution, an affidavit from Becky Ortega (the Human Resources Director), e-mails between Ortega and Perry, and payroll forms.

In Perry's response, she admitted the phrase "preparation of payroll" is not specifically stated in the statutes defining the county clerk's duties, but she argued that general authority conferred by the legislature intended the responsibility to be within her province. She also asserted that three separate issues were ripe for adjudication including: (1) whether the preparation of payroll is a statutorily mandated duty of the county clerk; (2) whether the transfer of payroll to the HRD is more efficient and effective utilization of county services as required by K.S.A. 12-3903; and (3) whether the Board may reduce the clerk's budget for the purpose of transferring payroll. Perry attached her own affidavit to the response.

The Board timely filed a reply, asserting that summary judgment was appropriate.

On May 10, 2005, the court heard oral arguments. The Board opined that the only issue before the court was whether the preparation of payroll was a statutorily mandated duty of the county clerk. Specifically, the Board asserted that the "statutory duties of the county clerk are really those of a records custodian rather than a records creator." In response, Perry argued that the purpose of the hearing was not to address the merits of the motion, but rather to simply discern whether an actual case or controversy existed to support the motion for declaratory judgment. Nevertheless, Perry addressed the Board's statutory argument. She specifically discussed K.S.A. 19-306 and asserted that the statute is not simply a record keeping statute.

Following the hearing, the district court held that under K.S.A. 19-301 *et seq.*, the preparation of payroll is not a duty of the county clerk. The court also held that K.S.A. 12-3901 was not applicable because the resolution did not constitute a county reorganization. As a result, the court granted the Board's dispositive motion. Perry timely appealed.

## ANALYSIS

Issue 1: *Did the district court err in addressing the merits of the action?*

*Standard of review*

Perry argues that the district court erred in addressing the merits of the action, premising her argument on the standard of review applicable to a motion to dismiss under K.S.A. 60-212(b)(6). The Board responds that the appropriate standard of review is that of a motion for summary judgment. It notes that under K.S.A. 60-212(b)(6), if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in K.S.A. 60-256." K.S.A. 60-212(b); see *Davidson v. Denning*, 259 Kan. 659, 666-68, 914 P.2d 936 (1996). We agree with the Board because it attached several exhibits to its motion to dismiss, and Perry attached a sworn affidavit to her response.

The law surrounding review of summary judgments is well established:

" ' "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." [Citations omitted.]' " *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005).

### Discussion

In granting the Board's motion, the district court found "that there is no factual dispute between the parties. Instead, this is a pure issue of law to be determined by the Court." On appeal, Perry does not claim that a factual controversy exists, *i.e.*, that there is a genuine issue of material fact.

Nevertheless, Perry claims that resolution of the issue was not proper absent "notice and an opportunity to be heard at a meaningful time and in a meaningful manner." She argues that although she was provided notice and a hearing on the motion to dismiss issue, she was not provided the opportunity to be heard regarding the merits of her claim. We disagree.

In her petition, Perry discussed the relevant statutes and argued that the statutes had "been interpreted to mean that the legislature intended the county payroll function and responsibility to be the province of the county clerk." She cited a Kansas Attorney General Opinion in support. Thereafter, in her written response to the Board's motion to dismiss, she reiterated her argument that the preparation of payroll is a statutory duty of the county clerk. At the hearing, she specifically discussed K.S.A. 19-306 and asserted that the statute is not simply a record keeping statute, citing several cases in support. Finally, Perry argued the pure question of law as her attorney told the court: "There is an Attorney General Opinion

that also agrees with this position and *we say that the issue is ripe for the Court's consideration for the Court to take a look at the statutes and give them an interpretation."* (Emphasis added.)

Perry availed herself of the opportunity to argue the pure issue of law in her written response and at oral argument. We conclude the district court correctly addressed the merits.

*Issue 2: Did the district court err in holding that the preparation of payroll is not a statutorily mandated duty of the county clerk?*

*Standard of review*

Analysis of this issue requires statutory interpretation, a question of law over which our review is unlimited. Accordingly, when determining a question of law, the Supreme Court is not bound by the trial court's interpretation of a statute. *Schmidtlien Electric, Inc. v. Greathouse,* 278 Kan. 810, 819, 104 P.3d 378 (2005).

*Discussion*

Perry argues that the district court erred in holding that preparation of payroll is not a statutorily mandated duty of the clerk per K.S.A. 19-301 *et seq.* The Board obviously disagrees, citing the plain language of the statutes.

A short review of the relationship among the state, counties, and county officials is in order. As we stated in *Board of Lincoln County Comm'rs v. Nielander,* 275 Kan. 257, 264, 62 P.3d 247 (2003):

" 'Home rule powers are those granted by the Constitution or by legislative act to units of local government to transact local business and perform such local and administrative duties as these local units may deem appropriate, subject to certain limitations imposed upon such grant of power. [Citation omitted.] . . . In 1974, the legislature passed an act granting powers of home rule to counties. L. 1974, ch. 110. [See K.S.A. 19-101 *et seq.*] "Counties in Kansas are now empowered to transact all county business and perform such powers of local legislation and administration as may be appropriate, subject, however, to the restrictions and prohibitions set forth in K.S.A. 19-101a." [Citation omitted.]' " (Quoting *Board of Trego County Comm'rs v. Kansas Dept. of Revenue,* 261 Kan. 927, 930, 933 P.2d 691 [1997].)

Moreover, the board's home rule powers "shall be liberally construed for the purpose of giving to counties the largest measure of self-government." K.S.A. 19-101c.

Although the board's home rule powers are broad, K.S.A. 19-101a lists some limitations and prohibitions. If a county's resolution conflicts with any of the restrictions found in subsection (a), the resolution is null and void. K.S.A. 2005 Supp. 19-101a(c). Only one such prohibition, (15), appears to specifically deal with the county clerk: the board may not exempt from or effect changes in his or her authority under K.S.A. 19-302 to appoint, promote, demote, dismiss, and supervise deputies and assistants and to submit a budget to the board. It clearly does not concern the present issue.

Another prohibition generally concerns those legislative acts that are applicable to all counties: "Counties shall be subject to all acts of the legislature which apply uniformly to all counties." K.S.A. 2005 Supp. 19-101a(a)(1). There are several general statutes concerning county clerks that "apply uniformly to all counties." See K.S.A. 19-301 *et seq*. Perry concedes that none explicitly state that "preparation of payroll" is the function of the county clerk. Nevertheless, she argues that the duty can be inferred from construing K.S.A. 19-305, K.S.A. 19-306, K.S.A. 19-311, and K.S.A. 19-312 as a whole. We disagree.

"The fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained, and when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. [Citation omitted.]" *State v. Denney*, 278 Kan. 643, 650, 101 P.3d 1257 (2004).

The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. *State v. Marsh*, 278 Kan. 520, Syl. ¶ 18, 102 P.3d 445 (2004). This means that "[w]hen a statute is clear and unambiguous, the court must give effect to the statute as written, and there is no need to resort to statutory construction." *State v. Sodders*, 255 Kan. 79, Syl. ¶ 4, 872 P.2d 736 (1994). See also *In re Mary P.*, 237 Kan. 456, 459, 701 P.2d 681 (1985) (when statute clear and unambiguous, no room left for statutory construction). As this court stated in *State v. Haug*, 237 Kan. 390, 391-92, 699 P.2d 535 (1985):

"The statute is clear and unambiguous in this regard and is not open to construction or speculation as to the legislative intent behind it. It has long been the rule in Kansas that in determining *whether a statute is open to construction*, or in

construing a statute, ordinary words are to be given their ordinary meaning and courts are not justified in disregarding the unambiguous language. [Citations omitted.] Even a penal statute subject to strict construction should not be read so as to add that which is not readily found therein, or to read out what, as a matter of ordinary language, is in it. [Citations omitted.]" (Emphasis added.)

Consequently, analysis of the dispute begins with a plain reading of the applicable statutes.

K.S.A. 2005 Supp. 19-304 outlines some of the county clerk's duties. Perry does not address this statute which provides:

"The county clerk shall: (a) Keep the clerk's office at the county seat; (b) attend the sessions of the board of county commissioners, either in person or by deputy; (c) keep the seals, records and papers of the board of commissioners; (d) sign the records of the proceedings of the board of commissioners, and attest the same with the seal of the county; and (e) have the general powers of a notary public in the performance of all notarial acts."

Based upon the plain language, "preparation of payroll" is not a duty of the county clerk.

Perry points to K.S.A. 19-305 which provides in relevant part:

"It shall be the general duty of the county clerk: . . . *fourth*, [to] sign all orders issued by the board for the payment of money; *fifth*, to **preserve and file all accounts** acted upon by the board, with their action thereon; and he shall perform such special duties as are required of him by law." (Emphasis added.)

Perry asserts that under the plain language, the county clerk must sign all county payroll checks. This, however, is not inconsistent with the resolution. Perry also argues that because the language authorizes the clerk to "preserve and file all accounts," it would be illogical to conclude that the preparation of payroll is not included. The Board responds that "preserve" is not synonymous with "prepare" and that the county clerk is therefore a records "custodian" and not a records "preparer."

Perry next points to K.S.A. 19-306 which provides:

"It shall be the duty of the clerk to **designate, upon every account** which shall be audited and allowed by the board, **the amount so allowed**. Such clerk shall also deliver to any person who may demand it, a certified copy of any record in such clerk's office, or any account on file therein, on receiving from such person a fee in accordance with a schedule of fees established pursuant to subsection (c) of K.S.A. 45-219, and amendments thereto." (Emphasis added.)

Perry argues that it would be impossible for the county clerk to designate the amounts allowed on payroll accounts without actually performing the function involved in the preparation of payroll. The Board responds that the plain language does not create a duty to prepare records; rather, the statute only mandates that the clerk shall deliver copies of the records which the clerk must maintain.

Perry next highlights K.S.A. 19-311, which states: "The county clerk of each county of this state shall keep a book in which he shall keep the **receipts and expenditures** of his county, and **all accounts** of his county with the different county, township, district, and other officers." (Emphasis added.)

Perry argues that the word "keep" is defined as "to maintain continuously and methodically for the purposes of a record." See Black's Law Dictionary 780 (5th ed. 1979). She alleges that absent the authority to prepare payroll, the county clerk would not be able to adequately *maintain* the payroll records. The Board responds that this statute only implicates the county clerk's duty to operate as a records custodian designated to maintain records created by other county officials and the Board.

Finally, Perry points to K.S.A. 19-312, which provides in relevant part:

"The county clerk, in keeping the accounts of his county with the county treasurer, shall charge the county treasurer as follows: With the amount of taxes levied and assessed by the state and county, and each city, town, village, township, school district, or any other special tax levied for any purpose in his county, in each year, and the same shall be kept in separate accounts."

Perry asserts that because the county clerk is required to keep track of state income withholding tax, preparation of payroll is necessarily a duty of the county clerk. The Board responds, however, that the statute only authorizes the clerk to work in concert with the county treasurer. Moreover, we independently observe that K.S.A. 2005 Supp. 19-212a authorizes the board to direct "the proper officers" to withhold from the salaries of board officers and employees sums for the payment of certain insurance, which suggests a payroll function being performed at the direction of the board and not independently by the county clerk.

While Perry acknowledges that "preparation of payroll" is not specifically discussed in these statutes defining the county clerk's duties, she invites us to look beyond consideration of the actual language used to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested, citing *Brown v. Keill*, 224 Kan. 195, 200, 580 P.2d 867 (1978).

We decline Perry's invitation because we need not consider these factors when the statute is unambiguous. She does not allege that the language in any of the applicable statutes is ambiguous; nor do we find them so.

Perry also cites Attorney General Opinion 82-135 in support. There, the Attorney General addressed a quite similar issue: "whether the Board of County Commissioners of Reno County has the authority to enact a resolution transferring the county payroll accounting function and responsibility from the county clerk to a proposed county department of administration." Att'y Gen. Op. No. 82-135, p. 1. The opinion analyzed K.S.A. 19-305, 19-306, 19-311, 19-312, and 19-313. Although the Attorney General found that the statutes did not specifically use the term payroll, he opined that "[t]he general authority conferred on county clerks by K.S.A. 19-301 et seq. and the above-cited authorities lead to the conclusion that the legislature intended the county payroll function and responsibility to be the province of the county clerk." Att'y Gen. Op. No. 82-135, p. 3.

In arriving at his conclusion, the Attorney General quoted *Cherokee County Comm'rs v. United States F. & G. Co.*, 141 Kan. 301, 303, 40 P.2d 371 (1935), for the proposition that the county clerk's office is "the general bookkeeping office of the county. The county clerk *keeps* accounts of receipts and expenditures of the county, and *keeps* accounts of the county with its various officers." (Emphasis added.)

We have long held that "[t]he construction placed upon a statute by the opinion of an attorney general is neither conclusive nor binding on the court, and in circumstances where such an opinion is without authoritative legal support, it should not be approved or

followed." *Greenwood v. Estes, Savings & Loan Commissioner*, 210 Kan. 655, Syl. ¶ 3, 504 P.2d 206 (1972). As previously discussed, the Attorney General's opinion is not consistent with the plain language of the statutes. We hold his opinion is unpersuasive for other reasons as well.

Decisions from the Texas and Michigan supreme courts are on point. The decisions reveal that their state statutes specify the authority of certain county officers. Absent a particular listing in those statutes, the specific authority must come from the county's governing body.

In *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997), the county treasurer brought a declaratory judgment action against the county auditor and the county's governing body, known as the Commissioners Court, to challenge the commissioners' decision to transfer to the auditor the treasurer's longtime payroll preparation duties. The court observed that the Texas Legislature had the responsibility to prescribe the county treasurer's duties. It examined different statutes that enumerated the county treasurer's functions, *i.e.*, keeping all money belonging to the county in a designated depository and accounting for all county money; keeping accounts of the county receipts and expenditures and debts of the county; receiving all money belonging to the county; and disbursing money belonging to the county.

The *Agan* court next observed that payroll preparation duties were not among any county official's enumerated duties established by the legislature, *e.g.*, the treasurer. Accordingly, although the legislature had enumerated several functions that cannot be taken away from the county treasurer, preparing the payroll was not one of them. The court concluded that the commissioners could transfer any payroll responsibility to the county auditor that the legislature had not specifically delegated to the county treasurer. It noted, however, that the treasurer's statutorily established duties, *e.g.*, depositing payroll funds and approving payroll checks prepared by the county auditor, remained with the treasurer. 940 S.W.2d at 81-82.

In *Ottawa Co. Clerk v. Bd. of Comm'rs*, 428 Mich. 300, 407 N.W.2d 384 (1987), the county clerk brought a declaratory judg-

ment action against the county's board of commissioners and the county controller to challenge the board's decision to transfer to the controller the clerk's long-time accounts payable and check writing functions, including payroll. The court observed that the Michigan Legislature had the responsibility to prescribe the clerk's duties. It examined different statutes that enumerated the county clerk's functions, *i.e.,* keeping a book in which shall be entered all claims in the order in which they are presented; preserving and filing all accounts acted upon by the board; designating on an account the amount audited and allowed and the charges for which the amount was allowed; and keeping all books, records, and accounts of the board. It also observed the statutory duties imposed upon the county controller.

The *Ottawa Co. Clerk* court next observed that the "accounts payable function" and "check writing duties" were not among the enumerated duties established by the legislature for the county clerk or controller. Consequently, it held that the previous performance of those duties by the clerk had not been pursuant to an obligation imposed by statute, but by the board. It concluded that the board could transfer these duties to the county controller and the transfer would not impinge upon the clerk's statutory duties, *e.g.,* to keep the books, records, and accounts of the board. 428 Mich. at 312.

Both supreme courts cited their state statutes specifically authorizing boards to prescribe duties for particular local officials. While no such official-specific statutes exist in Kansas, the board's authorization is contained in general statutes. See, *e.g.,* K.S.A. 2005 Supp. 19-101a(a) (board of county commissioners may transact all county business and perform all powers of local legislation and administration it deems appropriate, subject only to listed limitations, restrictions or prohibitions); K.S.A. 19-101c (powers granted counties pursuant to this act shall be liberally construed for the purpose of giving to counties the largest measure of self-government); K.S.A. 19-212 *Second* (board has power to examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargeable against the county); and K.S.A. 19-212 *Sixth* (board has power to represent

the county and the management of the business and concerns of the county, in all cases where no other provision is made by law).

In Kansas, counties are prohibited from passing any legislation which is contrary to or in conflict with any act of the state legislature which is uniformly applicable to all counties throughout the state. *Board of Trego County Comm'rs v. Kansas Dept. of Revenue*, 261 Kan. 927, 934, 933 P.2d 691 (1997). Here, however, Resolution 05-21does not conflict with the state statutes governing county clerk's duties because it does not prohibit what the statutes permit and the statutes do not prohibit what the resolution permits. See 261 Kan. at 934. Stated another way, transfer of the payroll preparation function would not prevent the county clerk from performing any of her statutory duties. As Resolution 05-21 clearly states: "This information is to be presented to the County Clerk for the purpose of allowing the clerk to perform any necessary function expressly stated in K.S.A. § 19-301 et seq."

Based on the plain and unambiguous language of applicable Kansas statutes, the preparation of payroll is not a statutorily mandated duty of the county clerk. The legislature's use of words such as "preserve," "designate," and "keep," are not synonymous with "create" or "prepare." We also observe that the record on appeal is devoid of complaints about the Board's lack of authority over the county clerk regarding payroll functions when in 1996 it created a Department of Personnel and Purchasing to be responsible for preparing and performing all related payroll functions for the county; when in 1999 the Board terminated that department and consolidated its duties, including payroll, with the county clerk; and when in 2004 the Board created the HRD and stated that the county clerk would still carry out the preparation of the county's payroll. The complaint arose only after the clerk's payroll preparation duties, created by the Board, were taken away from the clerk—by the Board.

The district court correctly held that preparation of payroll is not a statutorily mandated duty of the county clerk.

Issue 3: *Did the district court err in holding that K.S.A. 12-3903 does not apply to the present case?*

Perry also argues that the district court erred in holding that K.S.A. 12-3903 was not applicable to the present case. The Board obviously disagrees, citing the plain language of the statute. As stated previously, the interpretation of a statute is a question of law over which this court exercises unlimited review. *Schmidtlien Electric, Inc., v. Greathouse,* 278 Kan. 810, 819, 104 P.3d 378 (2005).

The Governmental Organization Act, K.S.A. 12-3901 *et seq.,* authorizes political and taxing subdivisions of the State to consolidate operations, procedures, and functions of offices of the subdivision by following the process set forth in the Act. K.S.A. 12-3903 provides:

"(a) Whenever the governing body of any political or taxing subdivision of this state shall by resolution determine that duplication exists in the operations, procedures or functions of any of the offices or agencies of such subdivision *or that the operations, procedures or functions of any of the offices or agencies thereof can be more efficiently and effectively exercised or provided as a consolidated activity performed by a single intergovernmental office or agency* or whenever the governing body of any two or more political or taxing subdivisions of this state shall by the passage of identical resolutions determine that duplication exists in the operations, procedures, or functions of offices or agencies of such subdivisions or that the operations, procedures, or functions of any of the offices or agencies thereof can be more efficiently and effectively exercised or provided as a consolidated activity performed by a single intergovernmental office or agency or by a single office or agency of one of the participating political or taxing subdivisions, such governing body or governing bodies are hereby authorized *to consolidate* any or all of the operations, procedures or functions performed or carried on by such offices or agencies by the passage of a resolution or identical resolutions setting out the time, form and manner of consolidation and *designating the surviving office or agency.*

. . . .

"(c) Whenever the *statutorily mandated duties* of any elected county official are proposed for elimination, by transfer or otherwise, the question of the elimination of any such duties shall be considered as an elimination of the elective office itself within the meaning of this section, and shall be subject to an election prior to such elimination as required by subsection (b). The provisions of this subsection shall not preclude the transfer of duties of an elected office with the consent of the affected elected official." (Emphasis added.)

In the Journal Entry of Judgment, the district court concluded that "because preparation of payroll is not a mandated statutory duty of the Clerk, the Governmental Organization Act at K.S.A. 12-3901 *et seq.* does not apply."

On appeal, Perry argues that K.S.A. 12-3903 is not limited to statutorily mandated duties. In support, Perry addresses K.S.A. 12-3901. The statute provides:

"It is the purpose of this act to authorize and permit political and taxing subdivisions of this state to more efficiently and effectively serve the needs of their constituents by consolidating or cooperating in the consolidation of *operations, procedures and functions of offices and agencies of such subdivisions which may be more efficiently and effectively exercised or provided by a single office or agency.*" (Emphasis added.) K.S.A. 12-3901.

As stated previously, the fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained, and when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. In determining whether a statute is open to construction, or in construing a statute, ordinary words are to be given their ordinary meaning and courts are not justified in disregarding the unambiguous language. *State v. Haug,* 237 Kan. 390, 391-92, 699 P.2d 535 (1985). Consequently, analysis of this dispute begins with a plain reading of the statute.

According to the plain language of K.S.A. 12-3903(c), it specifically applies only to statutorily mandated duties. Given our holding that payroll preparation does not qualify, the subsection does not apply. According to the plain language of subsection (a), however, it is not limited to statutorily mandated duties; rather, subject to certain conditions, subsection (a) applies to *any* operations, procedures or functions of a political or taxing subdivision.

Although both parties discuss subsection (a), neither acknowledges the main function of the statute: consolidation. Black's Law Dictionary defines "consolidate" as follows: "To combine or unify into one mass or body." Black's Law Dictionary 303 (7th ed. 1999). Here, the Board was not attempting to consolidate the payroll functions performed by the county clerk and the HRD because payroll

preparation was not previously a function of the HRD. Rather, the Board was attempting to *transfer* the duty from one who has historically performed that function to one that has never performed it. "Transfer" and "consolidate" are not synonymous because as the statute itself states, after consolidation there will be only one "surviving office or agency." K.S.A. 12-3903(a). Merely transferring one of the county clerk's previous duties does not result in the eradication of that office. Subsection (a) is inapplicable to the instant case.

Affirmed.